Thelma L. **WALKER**,
Plaintiff-Appellant,

v.

Otis R. **BOWEN**, Secretary of Health
and Human Services,
Defendant-Appellee.

No. 86–3204.

United States Court of Appeals,
Eleventh Circuit.

Sept. 8, 1987.

William C. Davis, Jacksonville, Fla., for plaintiff-appellant.

John E. Lawlor, III, Asst. U.S. Atty., Jacksonville, Fla., for defendant-appellee.

Before ANDERSON and CLARK, Circuit Judges, SIMPSON *, Senior Circuit Judge.

PER CURIAM:

Thelma L. Walker appeals from the district court's affirmance of the decision by the Administrative Law Judge (ALJ) denying her claim for supplemental security income and disability insurance benefits. We reverse the district court's order and remand this case to the Secretary because we find (1) the evidence is insufficient to support the conclusion that Walker can perform a reduced range of light work and the full range of sedentary work; (2) the Secretary improperly relied upon the Medical Vocational Guidelines, 20 C.F.R. pt., 404, subpt. P, app. II (the grids), to determine that Walker is not disabled; and (3) the Secretary used an incorrect legal standard to assess Walker's complaints of disabling pain.

## BACKGROUND

On October 26, 1983, Thelma L. Walker filed her third application for supplemental security income and disability insurance benefits. She alleged that she had been disabled since November 30, 1975, due to a serious foot injury and high-blood pressure. Walker's first and second applications had been granted and subsequently terminated. The instant application was denied initially and upon reconsideration.

Walker received a hearing before an ALJ on July 16, 1984. Walker, 48 years old at the time of the hearing, testified that she had a fourth grade education and was the mother of eight children. Walker had no work experience prior to 1982, when she secured a part-time job requiring her to ride on a bus that transported handicapped children to school. She testified that during the summer she works two hours in the morning and two hours in the afternoon, with a three and one-half hour break between shifts. During the winter, Walker stated that she works two and one-half hours in the morning and three hours in the afternoon, with a five-hour break between shifts. She earns approximately $175 per week.

Walker testified about her physical impairments as follows. (*See* Record, Tab 5, Hearing Decision (Aug. 3, 1984) at 20–49). In 1975, she received a gunshot wound in her left ankle. The ankle had to be fused surgically. She has no movement in the ankle, and sometimes falls because of balance problems. She does some shopping

---

* Judge Simpson did not participate in the decision in this case and the decision is by quorum.

28 U.S.C. § 46; Circuit Rule 3.

and housework, including cooking and washing. She suffers pain and swelling in the left foot and ankle, which can make her whole leg tremble and vibrate. She requires a cane to walk, although she is able to work without it because the school bus has railings with which she can support herself. Her job causes her increased pain and swelling in both legs, and she rests at home between shifts. The doctor told her that the pain in her right knee, which bothers her most when bending and using stairs, was probably arthritis. She also has problems with her right arm, which was diagnosed as phlebitis. In addition, she suffers gastrointestinal pain, which is accompanied by vomiting and bleeding when she is under stress. She is also periodically subject to asthma.

Surgery on Walker's foot was performed by Dr. Oscar Gunther, an orthopedic surgeon, who stated in his July 15, 1982 report that: "She has had a few surgeries in that foot, and I have treated her all along. In my opinion this patient is unable to hold a job which requires walking or standing on account of the problem that she has in that left foot."

In January, 1984, Walker was examined by Dr. Perry Carlos at the request of the Office of Disability Determinations. He confirmed that Walker had "had surgery to replace the shattered ankle bone and had internal fixation which left her without dorsiflexion or extension." Dr. Carlos found that Walker was unable to hop, squat, tandem gait or heel toe walk, that she "appeared unable to maintain stability on her left ankle," and that "[t]he only way the patient could walk without the cane was holding on to the exam table or the counters." Dr. Carlos also found that she suffered from arthralgias of the right knee. Dr. Carlos' conclusion about Walker was as follows:

> Patient has obvious difficulty ambulating due to her previous injury of the left ankle. This is further complicated by patient's obesity. I believe that patient requires an assistive device to ambulate even for short distances effectively.

Walker was treated by Dr. William Bosworth for generalized complaints. In July, 1982, he diagnosed her as having hypertension and gastrointestional problems, and noted that these conditions were controlled by medication. His report of December 2, 1983 stated that Walker had no serious physical disability other than gastrointestional episodes, which may be aggravated by stressful employment. However, the report discussed only Walker's hypertension and stomach problems, and made no reference whatsoever to her orthopedic problems. On January 30, 1984, Dr. Bosworth diagnosed phlebitis in Walker's upper right arm.

The ALJ considered the above medical evidence and the evidence introduced at a prior hearing and made the following findings:

1. Claimant has not engaged in substantial gainful activity since November 30, 1975.

2. The medical evidence establishes that claimant has severe arthrodesis of the left ankle secondary to aged surgical fusion due to gunshot wound, and obesity, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

3. Although claimant subjectively complains of multiple arthralgias affecting multiple musculoskeletal joints and other symptoms related to gastrointestinal problems neither the medical evidence nor claimant's testimony establishes the existence of severe, unremitting pain of a disabling nature.

4. Claimant has the residual functional capacity to perform the physical exertion requirements of work except for prolong walking or standing or repetitive bending and stooping. There are no nonexertional limitations (20 CFR 416.945).

5. Claimant has the residual functional capacity to perform a reduced range of light work and the full range of sedentary work (20 CFR 416.967).

6. Claimant is 48 years old, which is defined as a younger individual (20 CFR 416.963).
7. The claimant has a marginal 4th grade education (20 CFR 416.964).
8. Section 416.969 of Regulations No. 4 and Rules 201.18, Table No. 1 of Appendix 2, Subpart P, Regulations No. 4, direct a conclusion that, considering the claimant's residual functional capacity, age, education, and work experience, she is not disabled.
9. Claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR 416.920(f)).

Record, Tab 5, Hearing Decision (Aug. 3, 1984) at 4.

The Appeals Council denied review, thus making the ALJ's decision the final decision of the Secretary. Walker appealed to the district court, which adopted the magistrate's recommendation that the Secretary's decision be affirmed. Walker now appeals to this court.

## DISCUSSION

A claimant is entitled to disability benefits when she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment...." 42 U.S.C. § 423(d)(1)(A) (1982). The claimant bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). It is well established that "[i]n determining whether the claimant has satisfied this initial burden, the examiner must consider four factors: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history." *Id.* at 1005 (citation omitted). Once claimant meets her burden, the burden shifts to the Secretary to prove that claimant is capable, considering her age, education, and work experience, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir.1985); *see* 42 U.S.C.

§ 423(d)(2)(A). In reviewing the evidence before us, we must find the Secretary's decision conclusive if it is supported by substantial evidence. *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir.1987); 42 U.S.C. § 405(g). Despite this limited review, we scrutinize the record in its entirety to determine the reasonableness of the secretary's factual findings. *Bridges*, 815 F.2d at 624; *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir.1984). No similar presumption of validity attaches to the Secretary's legal conclusions, including determination of the proper standards to be applied in evaluating claims. *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir.1982).

On appeal, Walker contends: (1) that the ALJ's determination that she could perform sedentary work is not supported by substantial evidence; (2) that the ALJ erroneously relied upon the grids; and (3) that the ALJ improperly evaluated her pain complaints. We consider these contentions separately, concluding that the ALJ wrongly decided each of these issues and that the district court erred in approving the ALJ's decision.

### I. *Whether The ALJ's Determination That Walker Could Perform Sedentary Work Is Supported By The Evidence.*

Walker claims that constant pain in her left ankle that moves up to the calf of her left leg, pain caused by recurring gastrointestinal problems, and pain in her right knee and right arm prevent her from performing sedentary work. She contends that her impairments and consequent pain were documented in the reports of Doctors Gunther, Carlos, and Bosworth.

The Secretary responds that Walker has not demonstrated that her impairments are of such severity to preclude her from engaging in a reduced range of light work and the full range of sedentary work. The Secretary refers specifically to Dr. Bosworth's report in which he stated that Walker "is not physically disabled other than stress related problems and the routine aging condition which most people have occur," as evidence that Walker is not

physically disabled. The Secretary discounts Dr. Gunther's conclusion that Walker is unable to engage in employment that requires standing or walking because of her part-time employment. The Secretary acknowledges Walker's inability to ambulate without a cane, or to walk or stand for a prolonged period.

It is well established that courts review disability cases to determine whether the Secretary's decision is supported by substantial evidence. *Chester v. Bowen,* 792 F.2d 129, 131 (11th Cir.1986). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Secretary's decision." *Id.* Moreover, we examine the legal principles upon which the Secretary's decision is based *de novo. Id.*

█ In this case, the evidence does not support the Secretary's finding that Walker retains the residual functional capacity [1] to perform a reduced range of light work and the full range of sedentary work. 20 C.F.R. § 404.1567 defines sedentary work and light work, respectively, as follows:

(a) *Sedentary work.* Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.

Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

(b) *Light work.* Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

It is not clear what the ALJ meant when he stated that Walker can only perform "a reduced range of light work," but it is unnecessary for us to consider his finding regarding light work. Because the evidence does not support a finding that Walker could perform sedentary work, it logically follows that she could not do light work.

The ALJ summarized the medical reports written by Doctors Carlos and Bosworth, but he provided no clue as to whether, and to what extent, he relied upon them in reaching his determination, or, if not, why not. Furthermore, the ALJ made no specific reference to the medical reports and statements of Dr. Gunther regarding Walker's disability. This is especially troubling because Dr. Gunther treated Walker for her ankle injury over a period of several years. We have repeatedly held that the opinion of a claimant's treating physician must be accorded substantial weight, absent "good cause" to the contrary. *See, e.g., Broughton v. Heckler,* 776 F.2d 960, 961 (11th Cir.1985). The ALJ has not shown good cause for rejecting Dr. Gunther's conclusion, which is supported by objective medical evidence, that Walker cannot engage in work that requires walking or standing. The only doctor who found that Walker was not disabled by her

---

1. "Residual functional capacity" is a determination of a claimant's remaining physical abilities to perform work. 20 C.F.R. § 416.945(a). The ALJ considers the claimant's ability to lift weight, sit—stand, push—pull, etc., in reaching this determination. *Id.* § 416.945(b). The claimant's residual functional capacity is subsequently used to determine her ability to engage in various levels of work (sedentary, light, medium, heavy, or very heavy). *See* 20 C.F.R. § 416.967. For claimants found able to perform sedentary, light, or medium work, the grids provide tables to be used in making disability determinations. Use of the grids is discussed in the next section.

impairments was Dr. Bosworth, who examined Walker only with respect to her hypertension and gastrointestinal problems, and not with respect to her fused ankle.

Previously we have set forth the definition of sedentary work, which acknowledges in part that "although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 416.967(a). Sedentary work also requires "occasional lifting or carrying articles like docket files, ledgers, and small tools." *Id.*

The ALJ found that Walker was not disabled despite the severe impairment to her left ankle, holding as follows:

> Her other mild impairments are amenable to medical, conservative therapy. Claimant retains her manual dexterity and eye to hand coordination. She drives her own car and has continued to work for a bus company which transports handicapped children. During the school year she works approximately 5 or 6 hours a day on a split shift. In the summer time she puts in roughly 4 hours a day on a split shift. Based on the records claimant retains the functional capacity to perform a reduced range of at least light work activity. Even though this is a part time job, and does not provide her with wages at a substantial gainful activity level, it is a good indication that the claimant is capable of basic work-related activities of a light or sedentary nature. Considering her age, education, and unskilled work background, Rule 201.18 would direct a finding of "not disabled."

Record, Tab 5, Hearing Decision (Aug. 3, 1984) at 13.

Instead of relying on the medical evidence in the record, the ALJ reached his conclusion on the basis of Walker's present part-time job. However, Walker's job, which permitted her to ambulate by holding on to the rails of the bus, and to rest for several hours between her shifts, cannot provide sufficient evidence upon which to base a finding that she can engage in a full range of sedentary work. Indeed, this finding conflicts with the ALJ's later use of the grids. Before an ALJ can apply the grids, he must determine that "a person is not doing substantial gainful activity and is prevented by a severe medically determinable impairment from doing vocationally relevant past work." 20 C.F.R. § 416.969. The ALJ explicitly found that Walker had not engaged in substantial gainful activity since 1975.

We also find that the ALJ failed to consider all of Walker's impairments in evaluating the evidence. It is established that the ALJ must consider the combined effects of a claimant's impairments in determining whether she is disabled. *Jones,* 810 F.2d at 1006. When "a claimant has alleged a multitude of impairments, a claim for social security benefits may lie even though none of the impairments, considered individually, is disabling." *Bowen v. Heckler,* 748 F.2d 629, 635 (11th Cir. 1984). Furthermore, "it is the duty of the ... [ALJ] to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled." *Id.;* 20 C.F.R. § 416.923. It is clear that in this case the ALJ did not consider the combination of Walker's impairments before determining her residual functional capacity. The ALJ made specific reference only to Walker's left ankle and obesity. The ALJ's findings do not mention Walker's arthralgias in the right knee, phlebitis in the right arm, hypertension, gastrointestional problems, or asthma, except to the extent that these "subjectiv[e] complain[t]s do not establish disabling pain." Furthermore, Walker complains of pain in both legs. We discuss further the inadequacy of the ALJ's treatment of Walker's pain complaints in Section III. As we observed in *Chester,* 792 F.2d 129, "pain may not be disabling in and of itself, [but] it may be disabling when considered along with ... other impairments." *Id.* at 132. The ALJ's failure to consider Walker's physical impairments and pain complaints in combination alone requires that the decision be reversed and remanded for reconsideration. *Hudson v. Heckler,* 755 F.2d 781, 785 (11th Cir.1985).

Thus, we remand this case for review of all of the evidence under the proper legal standards.

## II. Whether The ALJ Erroneously Relied Upon The Grids To Determine That Walker Is Not Disabled.

Walker argues that her severe non-exertional impairments; i.e., her disabling pain and limited motion, should have precluded reliance upon the grids. Instead, job availability should have been demonstrated by vocational expert testimony. Walker also contends that her failure to proffer evidence on the age factor does not affect the question of whether the grids should have been used at all. The Secretary responds that Walker's limitations are not severe enough to preclude use of the grids. Typically, the Secretary argues that there is substantial evidence to sustain the ALJ's finding that Walker can work despite her pain, and that use of a cane does not preclude her from carrying items.

As we indicated above, once the claimant has established that she cannot return to her past relevant work, the burden shifts to the Secretary to prove that the claimant is capable, considering her age, education, and work experience, of engaging in any other kind of gainful employment. *Sryock,* 764 F.2d at 836; 42 U.S.C. § 423(d)(2)(A). At this stage, the Medical Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, app. II (the grids), may come into play. These guidelines include detailed grids and rules which, based on a claimant's residual functional capacity, age, education, and previous work experience, direct a finding of disabled or not disabled. Pursuant to 20 C.F.R. § 416.969, the ALJ used Rule 201.18 of Table 1 to conclude that, on the basis of Walker's residual functional capacity to perform a reduced range of light work and the full range of sedentary work without non-exertional limitation, her age of 48, her limited education, and unskilled work experience, she was not disabled. The ALJ relied exclusively upon the grids in making this determination, and did not seek testimony by a vocational expert.

At the outset, we reject the district court's holding [2] that Walker cannot challenge use of the grids because she declined to proffer evidence on the age factor. It is well settled that the Secretary may not apply the grids in a mechanistic fashion on the basis of a claimant's age, in order to establish conclusively a claimant's adaptability to a new work environment. *See, e.g., Patterson v. Bowen,* 799 F.2d 1455, 1458 (11th Cir.1986). In *Reeves v. Heckler,* 734 F.2d 519 (11th Cir.1984), we held that a claimant in such a case must be given an opportunity to proffer evidence on her ability to adapt. *Id.* at 525–26. If the claimant does not make such a proffer, the ALJ's use of the grids constitutes harmless error. *Id.* at 526. However, in this case, the claimant is challenging use of the grids on grounds other than her ability to adapt to a new work environment. Thus, Walker's decision not to proffer evidence on the age factor in no way affects our consideration of her claim that the ALJ should not have used the grids at all in determining whether she is disabled.[3]

"Exclusive reliance on the grids is not appropriate either when claimant is unable to perform a full range of work at a given functional level or when a claimant has non-exertional impairments that signifi-

---

2. The district court adopted the magistrate's recommendations. Either the magistrate was misled by failure to apply *Smith v. Bowen,* 792 F.2d at 1554, discussed *infra,* or he put heavy weight on Dr. Carlos' statement that there was "no obvious ankylosis." Ankylosis is defined as stiffness or fixation of a joint by disease or surgery, which is certainly the case here. The ALJ failed to take into consideration the severity of this impairment and other impairments as we discussed *infra.*

3. Walker does state in her brief that had she been two years older at the time of the hearing, the grids would direct a finding of disability. *Compare* 20 C.F.R. pt. 404, subpt. P, app. II, rule 202.09 (disabled) *with id.* rule 201.18 (not disabled). However, Walker does not claim that her age would affect her ability to adapt to a new job. Likewise, she does not contend that her physical condition would affect her ability to adapt to a new work environment. *Compare Patterson,* 799 F.2d at 1459 nn. 4–5 and accompanying text.

cantly limit basic work skills." *Francis v. Heckler,* 749 F.2d 1562, 1566 (11th Cir. 1985). The grids may be used only when each variable on the appropriate grid accurately describes the claimant's situation. *Smith v. Bowen,* 792 F.2d 1547, 1554 (11th Cir.1986); *see* 20 C.F.R. § 1416.969; 20 C.F.R. pt. 404, subpt. P, app. II § 200.00(a). The grids also may not be used when *the claimant's non-exertional impairments are severe enough to preclude a wide range of employment at the level indicated by the exertional impairments. Smith,* 792 F.2d at 1554; 20 C.F.R. pt. 404, subpt. P, app. II § 200.00(e). Non-exertional impairments include "postural and manipulative limitations, and must be considered in determining a claimant's residual functional capacity." 20 C.F.R. § 416.-945(d).

Walker must prevail on the issue of whether the grids should have been used to determine that she is not disabled. It is clear that Walker cannot perform all kinds of light work, although it does not appear the grids were used with respect to this level of work ability. However, it is just as obvious that Walker cannot engage in all types of sedentary work because of her ambulatory difficulties and movement limitations. Even the ALJ conceded that Walker was unable to perform work that required prolonged walking or standing, or repetitive bending and stooping. Thus, Walker's exertional limitations do not precisely coincide with the guidelines of the grids, and the grids should not have been used in light of this discrepancy.

Furthermore, Walker has two non-exertional impairments which appear severe enough to preclude application of the grids: pain and the inability to walk without an assistive device. When both exertional and non-exertional impairments affect a claimant's ability to work, the ALJ is supposed to make a specific finding as to whether they preclude a wide range of employment. *Sryock,* 764 F.2d at 836. In this case, the ALJ rejected Walker's complaints of disabling pain and ignored the fact that she was unable to ambulate without assistance. Pain is clearly a non-exertional impairment that limits the range of jobs the claimant

can perform. *Francis,* 749 F.2d at 1566; *Carter v. Heckler,* 712 F.2d 137, 142 (5th Cir.1983). We find that the ALJ's evaluation of Walker's credibility with respect to her allegations of disabling pain does not address adequately whether Walker's pain constitutes a non-exertional impairment. *See Carter,* 712 F.2d at 142. Moreover, it is clear that Walker requires an assistive device to ambulate, which can be considered a manipulative limitation. *See* 20 C.F.R. § 416.945(d). The ALJ made no specific finding as to whether this non-exertional impairment was severe enough to preclude Walker from performing a wide range of sedentary work.

 Because of Walker's inability to perform all types of sedentary work, her complaints of disabling pain, and her inability to walk without assistance, we conclude that use of the grids was inappropriate under the regulations and relevant case law. When the grids are not controlling, the preferred method of demonstrating job availability is through expert vocational testimony. *Francis,* 749 F.2d at 1566.

III. *Whether The ALJ Properly Evaluated Walker's Complaints of Pain.*

Walker testified that she suffers severe pain and swelling in her left ankle which continues up to her calf, in her right knee, and in her stomach. Hearing Transcript at 37–38, 40–44. Walker claims that the ALJ's finding on the absence of disabling pain is based on the application of an incorrect legal standard, and also is not supported by sufficient evidence. The Secretary responds that the evidence provided by the medical reports and Walker's daily activities does not establish that she suffers from an impairment which could produce disabling pain.

 It is established that pain alone can be disabling, even when its existence is unsupported by objective evidence. *Francis,* 749 F.2d at 1564. Subjective pain testimony supported by objective medical evidence of a condition that can reasonably be expected to produce the symptoms of which claimant complains is sufficient to

sustain a finding of disability. *See MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir.1986); 42 U.S.C. § 423(d)(5)(A). The appropriate legal standard for evaluating a claimant's subjective complaint of pain is for the Secretary

to consider a claimant's subjective testimony of pain if [he] finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition or (2) [that] the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

*Mason v. Bowen*, 791 F.2d 1460, 1462 (11th Cir.1986) (citation omitted). This standard, promulgated by Congress in 1984, applies to all cases pending before the Secretary or the court. *Landry v. Heckler*, 782 F.2d 1551 (11th Cir.1986). In this case, the ALJ does not appear to have considered the second prong of the latter part of the test—whether Walker's complaints of disabling pain stem from an underlying impairment that can reasonably be expected to produce such pain. Because the ALJ was bound to consider this, we remand the case to permit such a determination. *Johns v. Bowen*, 821 F.2d 551, 556 (11th Cir.1987). In weighing the pain component of Walker's claim on remand, the ALJ must apply the new standard in light of all the evidence and determine "whether objective medical impairments could reasonably be expected to produce the pain complained of." *Id.* at 1553.

█ It is also clear that the ALJ rejected Walker's testimony regarding the pain in both her legs, right arm, and stomach, without articulating his reasons. Where the claimant's testimony is critical, the fact finder must articulate specific reasons for questioning a claimant's credibility. *See Jones*, 810 F.2d at 1004. "[D]isregard of such complaints without articulating the reason is inappropriate because it deprives the reviewing court of the ability to determine the validity of that action. When rejecting the credibility of a claimant's testimony, an ALJ must articulate the grounds for that decision." *Caulder v. Bowen*, 791 F.2d 872, 880 (11th Cir.1986).

In this case, the ALJ did not consider Walker's allegations of severe disabling pain in any detail. Rather, in a conclusory manner, he simply found that neither the medical evidence nor Walker's testimony established the existence of such pain. If the ALJ chooses to reject Walker's testimony on remand, he must specify the reasons why.

## CONCLUSION

We reverse the order of the district court affirming the decision of the Secretary. We find that the Secretary's conclusion that the claimant retains the residual functional capacity to perform the full range of sedentary work is unsupported by substantial evidence. Upon remand from the district court, the Secretary must consider claimant's combination of impairments, non-exertional impairments, and complaints of pain under the standards discussed above. We remand this case to the district court with instructions to remand it to the Secretary for further proceedings consistent with this opinion.

REVERSED and REMANDED.