[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 5, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11864
Non-Argument Calendar

_____

D. C. Docket No. 03-00062-CV-5

EVA GAIL RELIFORD,

Plaintiff-Appellant,

versus

JOANNE BARNHART,

Defendant-Appellee.

_____

**Appeal from the United States District Court
for the Southern District of Georgia**

_____

**(December 5, 2005)**

**Before CARNES, WILSON and PRYOR, Circuit Judges.**

**PER CURIAM:**

Eva Gail Reliford appeals the district court's order affirming the denial of

supplemental security income ("SSI") by Jo Anne Barnhart (the "Commissioner"), Commissioner of the Social Security Adminstration. Reliford raises two issues on appeal: (1) whether the administrative law judge ("ALJ") improperly applied the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2 ("the grids"), and (2) whether the ALJ properly considered the combined effect of Reliford's impairments.

The Commissioner's factual findings are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); *Martin v. Sullivan*, 894 F.2d 1520, 1529 & 1529 n.11 (11th Cir. 1990). Substantial evidence is "more than a scintilla, but less than a preponderance." *Martin*, 894 F.2d at 1529. "[I]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (internal quotation omitted).

First, Reliford argues that the ALJ erred in relying exclusively on the grids in determining whether jobs exist in the national economy that Reliford could perform. "[T]he ALJ may use the grids [instead of testimony from a vocational expert] to determine whether other jobs exist in the national economy that a claimant is able to perform." *Phillips v. Barnhart*, 357 F.3d 1232, 1242 (11th Cir. 2004). The ALJ may not rely exclusively on the grids when either: (1) the claimant, due to exertional limitations, "is unable to perform the full range of work

2

at a given residual functional level"; or (2) when "a claimant has non-exertional impairments that significantly limit basic work skills."[1]  *Id.*  We have held that "significantly limit basic work skills" means that the limitations "prohibit a claimant from performing 'a *wide* range' of work at a given work level."  *Id.* at 1243.  Reliford has chosen to focus her appeal on nonexertional limitations that she claims were not considered by the ALJ.  According to Reliford, these limitations were documented by Dr. Payne, one of the physicians who examined her.

Reliford argues that the ALJ did not properly consider Payne's findings that Reliford is "in the borderline range of intellectual functioning," with a "guarded to fair" prognosis for her mental capacity; that she is "seriously limited in her ability to use judgment, deal with the public, deal with work stresses, and maintain attention and concentration;" and that she has no ability to maintain her personal appearance.  Reliford argues that these limitations make the ALJ's use of the grids inappropriate since these limitations show she cannot perform a wide range of light work.

Substantial evidence supports the ALJ's finding that Reliford's capacity for

---

[1]  "Exertional limitations" are limitations on a person's ability to meet the seven strength demands: "sitting, standing, walking, lifting, carrying, pushing, and pulling" at the level required by the level of work at issue.  *See Phillips*, 357 F.3d at 1242 n.11.  "Nonexertional limitations" affect a person's "ability to meet the other demands of jobs and include mental limitations, pain limitations, and all physical limitations that are not included in the seven strength demands."  *Id.*

3

light work was not compromised by any nonexertional mental impairments. Both Disability Determination Services ("DDS") physicians that conducted psychiatric review technique forms did not identify any limitations under the listings. Even Payne considered her problem "to be mostly physical," and rated many of her abilities in the good category, including her abilities to follow work rules and interact with supervisors, relate to co-workers, deal with the public, and function independently. Payne and the two DDS physicians also found that Reliford could handle stressful work conditions without a mental or emotional breakdown. The assessment of Reliford's mental Residual Functional Capacity ("RFC") showed that while she faces limitations to her work in more detail-oriented, complicated settings, she would have no problem working at simpler tasks. Further, the examining physician found no evidence of any limitations regarding Reliford's abilities to work within a schedule, keep a routine without special supervision, work with others without being distracted, and make simple work-related decisions. Nor were there limitations regarding social interaction or adaptation, except that Reliford's ability to respond appropriately to changes in the work setting was moderately limited. Because there is substantial evidence supporting the ALJ's finding that the nonexertional impairments did not compromise Reliford's capacity to perform light work, we affirm the ALJ's application of the

4

grids.

Second, Reliford argues that the ALJ did not consider the combined effects of all her impairments. Specifically, Reliford argues that the ALJ did not properly address the combined impact of her obesity, chronic obstructive pulmonary disease, high blood pressure, severe mental impairments as found by Payne, and her inability to afford proper medical care.

"In determining whether [a claimant is] disabled, [the ALJ] consider[s] all . . . symptoms, including pain, and the extent to which . . . symptoms can reasonably be accepted as consistent with the objective medical evidence, and other evidence." 20 C.F.R. § 416.929(a).

"When a claimant has alleged [multiple impairments], a claim for [SSI] may lie even though none of the impairments, considered individually, is disabling." *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987) (per curiam) (internal quotation omitted). The ALJ must "make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled." *Id.* We have repeatedly held that an ALJ's finding regarding a claimant's "impairment or combination of impairments" established that the ALJ had indeed considered the impact of the claimant's combined impairments. *See, e.g., Wilson v. Barnhart*, 284 F.3d 1219,

5

1224-1225 (11th Cir. 2002) (per curiam).

In addition to considering each of Rediford's impairments individually, the ALJ also considered the effect of the combination of Reliford's impairments. Specifically, the ALJ found that Reliford has an "impairment or a combination of impairments" considered severe, but that her medically determinable impairments did not meet or equal one of the impairments listed in the regulations. Thus, the ALJ sufficiently considered the impact of Reliford's impairments in combination.

Upon careful review of the administrative proceedings, the medical record, the proceedings in the district court, and upon consideration of the parties' briefs, we find no reversible error.

**AFFIRMED**.