[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 18, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10687
Non-Argument Calendar

_____

D. C. Docket No. 06-00180-CV-T-27-MAP

LEROY MILLER,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 18, 2007)**

Before DUBINA, CARNES and FAY, Circuit Judges.

PER CURIAM:

Leroy Miller appeals the district court's affirmance of the Social Security Administration's ("SSA") denial of supplemental security income ("SSI"), 42 U.S.C. § 1383(c)(3), and disability insurance benefits ("DIB"), 42 U.S.C. § 405(g). Miller argues on appeal that the Administrative Law Judge ("ALJ") erroneously determined that Miller was a person "closely approaching advanced age," as opposed to a person "of advanced age," in determining whether he was disabled under the SSA's Medical-Vocational Guidelines ("grids"). Because the ALJ did not rely exclusively on the grids, and because substantial evidence supports the ALJ's finding that Miller was not disabled, we affirm.

Miller filed an application for SSI and DIB in March 2003, alleging a disabling condition commencing on February 10, 2003. His application was denied initially and on reconsideration. Miller requested and was granted a hearing by an ALJ. At the time of the hearing, Miller was 54 years old and a high school graduate. His past work included driving and unloading trucks and cleaning. Miller stopped working because he could not pass the required physical examination. Thereafter, further he experienced several medical problems, including: passing out, low pulse rate, difficulty standing for a long period of time, falling asleep at any time, frequent urination, swelling of his legs, arthritis in his knee, pain in his shoulder and hands, and an inability to stand for more than five

2

minutes at a time.

A vocational expert ("VE") also testified at the hearing, indicating that he characterized Miller's past work as medium to heavy and unskilled to semiskilled. The VE testified that, with a maximum residual functional capacity ("RFC") for a restricted range of light work activity and limitations including (1) alternating sitting and standing at three minute intervals, and (2) no climbing, balancing, or driving, Miller could not perform any of his past work. The VE further testified that Miller's skills that he acquired as a result of his past work would not transfer to other semiskilled jobs that were consistent with the above-described RFC, but that there were other unskilled jobs that would have been appropriate, namely, a bench worker or assembler, a packager, and a cashier.

After the hearing, the ALJ issued his decision, first determining that Miller had not engaged in any substantial gainful activity since his alleged onset date. As to Miller's impairments, the ALJ determined that the medical evidence indicated that Miller suffered from high blood pressure, obesity, sleep apnea, osteoarthritis, and diabetes. The ALJ noted that doctors had evaluated Miller's complaints of hand pain and that "[a]pparently [Miller's] symptoms [were] not severe enough to warrant treatment." Thus, the ALJ found that Miller's impairments were severe, but did not meet or medically equal any of the listed impairments. The ALJ next

3

found that Miller retained the following RFC: "a full range of light work with a sit/stand option and no working around heights, no driving and no balancing."

As to what work, if any, Miller could perform with that RFC, the ALJ determined that he could not perform any of his past relevant work. The ALJ noted that, as a 54-year-old, Miller was "an individual closely approaching advanced age" and that Miller had work skills that were transferable to other semiskilled jobs. The ALJ then found that, under grids, if Miller were able to perform a full range of light work, a finding of "not disabled" would be required. The ALJ found, however, that Miller's ability to perform a full range of light work was impeded by his additional exertional and non-exertional limitations. The ALJ then used the VE's testimony, that someone of Miller's age, education, past relevant work experience, and RFC could perform jobs as a bench worker or assembler, packager, or cashier, to help determine whether there existed a significant number of jobs in the national economy that Miller could perform. The ALJ thus determined that, although Miller's exertional limitations prevented him from performing the full range of light work, the VE's testimony, together with Miller's characteristics and the framework of grid rule 202.15, required a finding of "not disabled" because Miller could adjust to work that existed in significant numbers in the national economy. The ALJ denied Miller's applications for DIB

4

and SSI payments. The Appeals Council denied review. The district court affirmed the SSA's decision.

On appeal, Miller argues that the ALJ should have treated him as a person of advanced age, rather than a person closely approaching advanced age because, at the time the ALJ rendered the decision, Miller was "less than 2 months shy of his 55th birthday." Miller contends that the distinction was significant because, had he been considered a person of advanced age, the fact that his skills were not transferable would have required a finding of "disabled," whereas, being considered a person closely approaching advanced age, the transferability of his skills was of no consequence to the ultimate disability finding. Miller admits that the ALJ would have been correct in finding him not disabled under Rule 202.14, as opposed to Rule 202.15, upon which the ALJ relied. He nonetheless argues that the ALJ should have considered him a person of advanced age and, consequently, found him disabled under Rule 202.06.

We review a social security case to determine whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). The Commissioner's decision will not be disturbed "if, in light of the record as a whole, it appears to be supported by substantial evidence," which is "more than a

5

scintilla and is such relevant evidence as a reasonable person would accept to support a conclusion." Id. at 1439-40.

A claimant applying for disability benefits must prove that he is disabled. 20 C.F.R. § 404.1512; Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). The Social Security regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520; Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999). First, the claimant must show that he has not engaged in substantial gainful activity. Jones, 190 F.3d at 1228. Second, he must prove that he has a severe impairment or combination of impairments. In step three, if his impairment meets or equals a listed impairment, he is automatically found disabled. If it does not, he must move on to step four, where he must prove that he is unable to perform his past relevant work. Finally, if the claimant cannot perform past relevant work, then the burden shifts to the Commissioner in the fifth step to show that other work is available in significant numbers in the national economy that the claimant is able to perform. Id.

In attempting to meet its burden, the Commissioner may rely upon the grids to establish that other work exists in the national economy that the claimant is able to perform. Patterson v. Bowen, 799 F.2d 1455, 1458 (11th Cir. 1986). "The grids are based on the claimant's residual functional capacity, age, education and work

6

experience, and in cases where they apply, they direct a conclusion on the issue of whether the claimant is capable of performing substantial gainful activity in the national economy." Id. However, "[e]xclusive reliance on the grids is not appropriate either when [a] claimant is unable to perform a full range of work at a given functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." Walker v. Bowen, 826 F.2d 996, 1002-03 (11th Cir. 1987) (quotation omitted). "When the grids are not controlling, the preferred method of demonstrating job availability is through expert vocational testimony." Id. at 1003.

We have explained that the Commissioner "may not apply the grids in a mechanistic fashion on the basis of a claimant's age, in order to establish conclusively a claimant's adaptability to a new work environment." Id. at 1002. While the Commissioner may rely upon the claimant's age as evidence of adaptability to a new work environment, the claimant may then proffer "substantial credible evidence that his ability to adapt is less than the level established under the grids for persons his age." Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984). If the claimant presents such evidence, the Commissioner "cannot rely on the age factor of the grids and must instead establish the claimant's ability to adapt to a new work environment by independent evidence" and, thus, the district court

7

would be required to remand the case to the Commissioner for reconsideration of the issue. Id.; see also Patterson, 799 F.2d at 1458-59. "If, on the other hand, the claimant does not make such a proffer, the ALJ's mechanistic use of the age grids would be harmless error and there would be no need to remand to the [Commissioner]." Patterson, 799 F.2d at 1459.

In considering a claimant's age as a vocational factor, the SSA defines a "person closely approaching advanced age" as someone who is between the ages of 50 and 54, and a "person of advanced age" as someone 55 years' old or older. 20 C.F.R. § 404.1563(d), (e). According to the grids, Table 2 applies to persons with a RFC that allows limited to light work. 20 C.F.R. pt. 404, subpt. P, app. 2, table no. 2. Under Rule 202.06, a person of advanced age, who is a high school graduate or more, where that educational level does not provide for direct entry into skilled work, and has skilled or semi-skilled skills that are not transferable is categorized as "disabled." 20 C.F.R. pt. 404, subpt. P, app. 2, table no. 2, § 202.06. However, a person with those same characteristics, except that his skills are transferable, is categorized as "not disabled." Id. at § 202.07. A person closely approaching advanced age, who is a high school graduate and has either transferable or non-transferable skills, is categorized as "not disabled." Id. at §§ 202.14, 202.15.

Miller's argument, that the ALJ should have treated him as a person of

advanced age, is without merit for two reasons. First, the treatment of Miller as either a person of advanced age or closely approaching advanced age under the grids is essentially theoretical because the ALJ did not rely exclusively on the grids in making the disability determination. As discussed above, where a claimant is unable to perform a full range of work at a given functional level or has non-exertional impairments that significantly limit basic work skills, the ALJ must not exclusively rely upon the grids; rather, the ALJ should consider testimony of the VE to establish job availability. See Walker, 826 F.2d at 1002-03. Here, the ALJ correctly followed Walker's requirements. At step five of the sequential evaluation process, the ALJ determined that, although the grids would ordinarily support a finding of "not disabled" in Miller's case, the ALJ needed to utilize the VE's testimony to establish whether a significant number of jobs existed for Miller in the national economy because Miller's ability to perform all or substantially all of the requirements of light work was impeded by his exertional and non-exertional limitations. Miller does not challenge the ALJ's factual findings with regard to his RFC or the conclusion that he could not perform a full range of light work. Given the VE's testimony that there existed three types of jobs in significant numbers in the national economy that a person with Miller's RFC could perform, substantial evidence supports the ALJ's conclusion that, because the Commissioner

9

met its burden at step five, Miller did not demonstrate that he was disabled.[1] As such, the ALJ's decision was not made in reliance upon the grids and, thus, a determination of whether Miller was a person of advanced age or closely approaching advanced age was not necessary.

Second, assuming without deciding that the ALJ relied solely upon the grids, the ALJ's categorization of Miller as a person closely approaching advanced age is supported by substantial evidence. Admittedly, Miller was 54 years' old at the time of the hearing and the ALJ's decision. Therefore, the ALJ's initial determination that Miller was a person closely approaching advanced age was correct. See 20 C.F.R. § 404.1563(d). Under our precedent, if a claimant wishes to establish that his ability to adapt was less than the level established under the grids for persons his age, he must proffer evidence tending to establish that fact. See Reeves, 734 F.2d at 525. If the claimant makes such a showing, the district court is required to remand the case to the Commissioner for reconsideration in light of the evidence. See Patterson, 799 F.2d at 1458-59. In his briefs before the

_____

[1]It is noteworthy that the ALJ explicitly indicated that his determination was based upon the VE's testimony, Miller's RFC and other characteristics, and the framework of Rule 202.15. Rule 202.15 considers a person closely approaching advanced age. 20 C.F.R. pt. 404, subpt. P, app. 2, table no. 2, § 202.15. Even assuming without deciding that the ALJ's finding that Miller was a person closely approaching advanced age was erroneous, that error was harmless because substantial evidence (e.g., the VE's testimony and Miller's RFC) supported the finding that other jobs were available that Miller could perform. See Jones, 190 F.3d at 1228; Walker, 826 F.2d at1003.

10

district court and this Court, Miller's only reason in support of his contention that he should have been treated as a person of advanced age is that he was only two months short of turning 55 at the time of the hearing and the ALJ's decision. Nothing in Miller's argument suggests that his ability to adapt to new work environments was less than the level established under the grids for persons his age. Thus, to the extent that the ALJ relied exclusively on the grids, the ALJ's mechanistic use of the age grids was harmless error. See Patterson, 799 F.2d at 1459.[2]

In conclusion, the question of whether Miller should have been treated as a person of advanced age or closely approaching advanced age was inconsequential because the ALJ did not rely exclusively on the grids and substantial evidence supported the ALJ's determination that Miller was not disabled. Accordingly, the district court's affirmance of the Commissioner's denial of DIB and SSI payments is

**AFFIRMED.**

---

[2]Miller also argues that the district court erred in concluding that the ALJ could have properly found, under Rule 202.08, that Miller was a person of advanced age and not disabled. However, because we review the ALJ's determination, and, here, that decision is supported by substantial evidence, we need not consider the district court's reasoning. See Graham v. Bowen, 790 F.2d 1572, 1575 (11th Cir. 1986) (explaining that, "[t]he question is not whether substantial evidence supports a finding made by the district court but whether substantial evidence supports a finding made by the" Commissioner).