[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 15, 2010
JOHN LEY
CLERK

_____

No. 09-16037
Non-Argument Calendar

_____

D. C. Docket No. 08-01675-CV-RGV-1

STEVEN D. STANLEY,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 15, 2010)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Steven Stanley appeals a decision that affirmed the denial of his application for disability insurance benefits. 42 U.S.C. § 405(g). Stanley challenges the ruling on two grounds. First, Stanley challenges the decision not to give controlling weight to the opinion of his treating physician, Michael Wofford, that Stanley was totally disabled. Second, Stanley argues that the administrative law judge failed to consider all his impairments in assessing his residual functional capacity. We affirm the decision to discount Wofford's opinion, but we reverse the decision about Stanley's residual functional capacity and remand for further proceedings.

We review the decision by the Commissioner "to determine if it is supported by substantial evidence and based on proper legal standards." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). "'Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Id. (quoting Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)). That review "precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).

Substantial evidence supports the decision to discount Wofford's opinion that in December 1997 Stanley was "totally and permanently disabled for all work." Wofford's opinion is inconsistent with his medical notes about Stanley's

2

condition, the opinions of other doctors who examined Stanley, and Stanley's testimony. See Jones v. Dep't of Health & Human Servs., 941 F.2d 1529, 1532–33 (11th Cir. 1991); Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991). Wofford recorded essentially the same complaints about Stanley's severe back pain and headaches between 1995 and 1997, and Wofford stated in 1995 and 1996 that Stanley was capable of performing light work. Although in 1997 Stanley suffered two bouts of bursitis and an increase in kidney stones, Wofford's notes do not suggest that those conditions were disabling. Physicians Dean Talley and Alfred Hauser examined Stanley in July 1996 and September 1997, and neither physician concluded that Stanley was disabled. Furthermore, Stanley's testimony about walking up to a mile, shopping for groceries, attending his sons' baseball games, and hunting a couple of times a year suggests that he was not permanently disabled. The only evidence in the record that supports Wofford's opinion is a report detailing the findings of an exercise physician and a physical trainer during a vocational assessment, but those individuals do not qualify as acceptable medical sources who can provide evidence to establish that Stanley was impaired. 20 C.F.R. § 404.1513(a). We affirm the decision not to give controlling weight to Wofford's opinion.

Although the decision of the administrative law judge reflects a reasoned

3

consideration of Wofford's opinion, the decision does not reflect a reasoned consideration of all the medical evidence in determining Stanley's residual functional capacity. "[T]he regulations define [residual functional capacity] as that which an individual is still able to do despite the limitations caused by his . . . impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citing 20 C.F.R. § 404.1545(a)). Residual functional capacity is determined by considering cumulatively "all the relevant medical and other evidence," 20 C.F.R. § 404.1520(e), in the case. Walker v. Bowen, 826 F.2d 996, 1001 (11th Cir. 1987).

Stanley presented evidence that he suffered from kidney disease, cervical disease, lumbar disc disease, headaches, and adjustment disorder, but the administrative law judge failed to consider the combined effect of these impairments. The administrative law judge mentioned but did not consider evidence about Stanley's kidney disease, and the administrative law judge evaluated separately Stanley's cervical and lumbar diseases and his adjustment disorder. After the administrative law judge found that the adjustment disorder was not a severe impairment, he assessed Stanley's residual functional capacity based solely on Stanley's cervical and lumbar diseases and his headaches. Ultimately, the administrative law judge found that Stanley could "perform a significant range of sedentary work." Substantial evidence does not support that

4

finding because the administrative law judge failed to account for the combined effect of all of Stanley's impairments.  We reverse the order of the district court that affirmed this portion of the decision of the Commissioner and we remand "for review of all of the evidence under the proper legal standards."  Id. at 1002.

We **AFFIRM** the decision to discount the opinion of Stanley's treating physician, but we **REVERSE** the decision of the district court affirming the decision about Stanley's residual functional capacity, and we **REMAND** for further proceedings.

**AFFIRMED IN PART, and REVERSED and REMANDED IN PART**.