[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11763
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00013-MP-GRJ


FREEMAN W. STONE,

                                                     Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                                                     Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 4, 2013)

Before TJOFLAT, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

The crux of this appeal is whether the Administrative Law Judge ("ALJ"),

in denying appellant Freeman W. Stone's application for disability insurance benefits and supplemental security income, 42 U.S.C. §§ 405, 1382, erred by relying on the Medical Vocational Guidelines ("Grids") to determine whether appellant was disabled, rather than the testimony of a vocational expert ("VE"). We find no error, and because substantial evidence supports the Commissioner's determination that appellant was not disabled at any time through the date of the ALJ's decision, we affirm.

In a social security case, we review the agency's legal conclusions *de novo*, and its factual findings to determine whether they are supported by substantial evidence. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007). Under this standard, "[i]f the [agency]'s decision is supported by substantial evidence we must affirm, even if the proof preponderates against it." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

The Social Security regulations establish a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(1). Throughout the process, the burden is on the claimant to introduce evidence in support of his application for benefits. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. 20 C.F.R. § 416.920(a)(4). At the

2

first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id.* § 416.920(a)(4)(i), (b). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe." *Id.* § 416.920(a)(4)(ii), (c). At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. *Id.* § 416.920(a)(4)(iii), (d). The ALJ must then determine, at step four, whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. *Id.* § 416.920(a)(4)(iv), (e)-(f). "[RFC] is an assessment . . . of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

At step five, once a claimant proves that he can no longer perform his past relevant work, "the burden shifts to the Commissioner to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform." *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). One way for the Commissioner to carry this burden is through an application of the Grids. *Id.* at 1229; *see* 20 C.F.R. Pt. 404, subpt. P, app. 2. The Grids provide an algorithm to determine a claimant's ability to engage in employment other than their past work based on factors such as a person's age, education, previous

3

employment, and maximum physical capabilities. *Gibson v. Heckler*, 762 F.2d 1516, 1520 (11th Cir.1985).

Exclusive reliance on the Grids is not appropriate when the "claimant is unable to perform a full range of work at a given residual functional level *or* when a claimant has non-exertional impairments that significantly limit basic work skills." *Phillips v. Barnhart*, 357 F.3d 1232, 1242 (11th Cir. 2004); *see also Walker v. Bowen*, 826 F.2d 996, 1002-1003 (11th Cir. 1987). Each variable on the appropriate Grid must "accurately [describe] the claimant's situation." *Walker,* 826 F.2d at 1003. If either of the above conditions exists, an ALJ is required to consult a VE. *Phillips*, 357 F.3d at 1242. A medical condition that can reasonably be remedied by medication "is not disabling." *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988).

When looking specifically at non-exertional limitations, an ALJ "need only determine whether [the] nonexertional impairments significantly limit [basic] work skills," which includes a wide range of work at a given work level. *Phillips*, 357 F.3d at 1243. If the ALJ determines that nonexertional limitations do not significantly limit basic work skills at the assigned work level, the ALJ may rely on the Grids to determine if a claimant is disabled; otherwise, the ALJ must consult a VE. *Id.*

Appellant challenges the ALJ's reliance, at step five, on the Grids to determine that he was not disabled.  The ALJ considered the medical evidence on appellant's non-exertional limitations.  He ultimately determined that appellant could perform basic work activities in a regular work setting, "without significant interference from his non-exertional limitations."  The ALJ also found that his non-exertional limitations were manageable with conservative medical care and medications.  These finding were supported by medical testimony and other evidence.  Accordingly, the ALJ was justified in relying solely on the Grids.

AFFIRMED.