[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12100
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cv-02242-AAS


ELANA NATAL MUNIZ,

                                                       Plaintiff-Appellant,

                              versus

COMMISSIONER OF SOCIAL SECURITY,

                                                       Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 27, 2017)

Before HULL, MARTIN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Elana Muniz appeals the district court's order affirming the Commissioner

of the Social Security Administration's denial of her application for supplemental

security income ("SSI") benefits.  Muniz argues that the administrative law judge ("ALJ") who heard her case erred by substituting his own opinion for medical opinions stating that her mental limitations were moderate to severe.  After careful review, we affirm the district court.[1]

## I.

Muniz filed an application for SSI benefits on April 26, 2012, alleging mental and physical disabilities beginning from September 1, 2009.  After her claim and her request for reconsideration were both denied, she asked for a hearing.  At her hearing in front of an ALJ, she amended her claim of disability onset date to be January 1, 2013.

The ALJ denied Muniz's claim.  The ALJ found Muniz had severe physical impairments, including degenerative disc and joint disease and systemic lupus erythematosus.  However, the ALJ found that some of Muniz's other claimed impairments, including insomnia, headaches, depression, and anxiety, were not supported by the record as causing anything more than minimal limitations.  In making this finding, the ALJ pointed to more recent physical exams that found Muniz "had intact memory, judgment, and insight; normal mood and affect; and appropriate insight and judgment."  The ALJ also afforded "some weight" to evaluations produced by Disability Determination Services ("DDS") psychological

---

[1] The parties consented to jurisdiction by a magistrate judge.  We refer to the magistrate judge's order as that of the district court.

consultants and global assessment of functioning ("GAF") scores produced by Dr. Suman Bhat, noting that some of the evidence predated the amended alleged onset date and some was otherwise contradicted by the record.

The ALJ found that Muniz had "the residual functional capacity ["RFC"] to perform light work . . . with an occasional (1/3 of the day) limitation for lifting above shoulder height and for bending, stooping, crouching, and climbing."  In making his RFC determination, the ALJ did not specifically reference Muniz's claimed mental impairments.  The ALJ found that Muniz could no longer perform her previous work, housecleaning, but could work as a small products assembler, produce inspector, or laundry sorter.  As a result, the ALJ found that Muniz did not qualify for SSI benefits.

The Appeals Council of the Social Security Administration denied Muniz's request for review.  She appealed to the U.S. District Court for the Middle District of Florida, which affirmed.  This appeal followed.

## II.

When the Appeals Council denies review of the ALJ's decision, we review the ALJ's decision as the Commissioner's final decision.  Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001).  We review de novo the ALJ's application of legal principles.  Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam).  "However, we review the resulting decision only to determine whether it

is supported by substantial evidence." Id.  "Substantial evidence is something more than a mere scintilla, but less than a preponderance." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (quotation omitted).  Under this standard, if a reasonable person would accept the evidence "as adequate to support a conclusion," we must affirm.  Moore, 405 F.3d at 1211.  "This limited review precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence." Id.

## III.

Muniz argues that the ALJ erred "by substituting his opinion for uncontroverted medical opinion evidence" of her mental impairments. In particular, Muniz says that the ALJ did not afford sufficient weight to the 2012 evaluations of the two DDS consultants, which found Muniz had moderate limitations based on her mental impairments.  Muniz also argues that the ALJ assigned too much weight to the 2013 GAF scores from Dr. Bhat.  Finally, Muniz argues that it was inappropriate for the ALJ to "disregard all medical opinion evidence of record and arrive at a mental [RFC] assessment finding, based on his own review of the medical evidence, the claimant's daily activities, and his observations of the claimant."

To evaluate disability claims, the ALJ uses "a five-step, sequential evaluation process" to determine whether a claimant is disabled.  Winschel v.

4

Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011).  The second step of this process requires the ALJ to determine "whether the claimant has a severe impairment or combination of impairments."  Id.  At this step, an impairment is not considered severe "only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience."  McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986).  At step four, the ALJ then considers the combined effects of all of the claimant's impairments and determines her RFC.  Walker v. Bowen, 826 F.2d 996, 1001 (11th Cir. 1987) (per curiam).

Medical opinions, including physicians' statements on the nature and severity of the claimant's impairments, may support the ALJ's determination of whether a claimant suffers from a severe impairment.  20 C.F.R. § 416.927(a)(1) & (b).  When weighing each medical opinion, the ALJ must consider whether the doctor has examined the claimant; the doctor's relationship with the claimant; the medical evidence supporting the doctor's opinion; how consistent the doctor's opinion is with the record as a whole; and the doctor's specialization.  Id. § 416.927(c).

Absent good cause, an ALJ must give a treating physician's opinion "substantial or considerable weight."  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).  Good cause exists "when the: (1) treating physician's opinion

5

was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." Winschel, 631 F.3d at 1179 (quotation omitted). "The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." Lewis, 125 F.3d at 1440.

The ALJ did not err in weighing the evidentiary value of the DDS consultant evaluations or Dr. Bhat's GAF scores. The ALJ gave only "some weight" to the DDS consultant evaluations because neither consultant personally examined Muniz and both evaluations predated her alleged amended onset date. See 20 C.F.R. § 416.927(c). In addition, the ALJ found that the DDS consultant evaluations were contradicted by other evidence in the record, specifically reports from Muniz's 2013 physical examinations. See Winschel, 631 F.3d at 1179. The ALJ also gave only "some weight" to Dr. Bhat's GAF scores. The ALJ explained that GAF scores are "just one tool used by clinicians to develop the clinical picture" and "cannot be used in isolation to make a disability decision." But because Dr. Bhat personally examined Muniz, the ALJ considered the GAF scores along with the other evidence in the record, and could appropriately discount them to the extent they conflicted with other evidence. See id. Because the ALJ clearly articulated

6

reasons for assigning weight to this evidence, there was no error.  See Lewis, 125 F.3d at 1440.

The ALJ also did not inappropriately substitute his own opinion for uncontroverted medical testimony.  Instead, the ALJ relied on a number of psychiatric evaluations in 2012 and 2013 in which Muniz's treating physicians described her as having only mild symptoms.  The ALJ also pointed to physical examinations in 2013 that found "she had intact memory, judgment, and insight; normal mood and affect; and appropriate insight and judgment."  Precluded from reweighing the evidence, we find this adequate to support a conclusion that Muniz's mental impairments were only mildly limiting.  See Moore, 405 F.3d at 1211.

While Muniz has identified medical opinion evidence in the record that supports her claim of mental impairments, we conclude that the ALJ's determination that Muniz's mental impairments were not severe and would cause only minimal limitations was supported by substantial evidence.  We therefore affirm the district court's dismissal.

**AFFIRMED.**