[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13217
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 21, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00060-CV-J-32-TEM

RICHARD CARSON,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 21, 2008)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Richard Carson appeals the district court's order affirming the decision of

the Commissioner of the Social Security Administration's denying his application for disability insurance benefits, 42 U.S.C. § 405(g). Carson applied for disability insurance benefits based on pain and impairment of his right knee, which stemmed from an injury he suffered in 1995.[1]

In his brief on appeal, Carson argues that the district court's judgment should be reversed, and the case remanded to the Commissioner with instructions that he be afforded benefits, because the evidence clearly established that he was disabled because he could not work eight hours per day performing light or sedentary work. Alternatively, he argues that the case should be remanded to the Commissioner because the ALJ improperly discounted the opinion of his treating physician, Dr. John McCaulie, regarding his physical capacities and level of pain.[2]

A claimant is eligible for disability benefits when he demonstrates disability on or before the last date for which he was insured. 42 U.S.C. § 423(a)(1)(A). Here, because Carson was last insured on June 30, 1999, he needed to establish disability on or prior to that date. See id.

We review de novo the legal principles that underlie the Commissioner's

---

[1] He also presented some evidence regarding vision impairment and mental health problems. His brief on appeal does not mention those matters; hence, we do not consider them. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir.), cert. denied, __ S.Ct. __ (U.S. Oct. 6, 2008) (No. 07-10871).

[2] We have rephrased this argument as an alternative argument for relief.

decision in Social Security cases. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). The question we must answer is whether the Commissioner's decision is supported by substantial evidence. Id. The substantial evidence test requires that the decision be based on "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. "This limited review precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence." Id. (citing Bloodworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)). With these principles in mind, we turn to Carson's arguments – in reverse order.

I.

The ALJ must give the opinion of a treating physician "substantial or considerable weight unless 'good cause' is shown to the contrary." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); see also 20 C.F.R. § 404.1527(d)(2). "'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." Phillips v. Barnhart, 357 F.3d 1232, 1240-41 (11th Cir. 2004). "The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error."

Lewis, 125 F.3d at 1440. Where the ALJ articulated specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, we do not disturb the ALJ's refusal to give the opinion controlling weight. Moore, 405 F.3d at 1212. While statements from treating physicians regarding the level of work a claimant can perform are important, they are not determinative because the ALJ has the ultimate responsibility to assess a claimant's residual functional capacity ("RFC"). See 20 C.F.R. §§ 404.1513(c), 404.1527, 404.1545, 404.1546(c).

In this case we conclude that substantial evidence supported the ALJ's decision to discount the opinion of Dr. McCaulie regarding Carson's RFC because the evidence, taken as a whole, did not bolster his opinion; rather, it supported a contrary finding. Dr. McCaulie opined that Carson: (1) could sit and work no more than one hour during a workday; (2) could stand no more than one hour during a workday; and (3) experienced "marked pain," about six or seven on a ten point scale, which would prevent him from completing tasks at work without frequent breaks or interruptions. Other evidence, however, including opinions from other treating physicians, state agency medical consultant reports, and Carson's own statements, contradicted Dr. McCaulie's opinion. Because the evidence failed to support Dr. McCaulie's opinion, and, indeed, supported a

contrary finding, the ALJ had good cause to discount his opinion.[3]

## II.

A disability insurance benefits ("DIB") claimant must demonstrate disability on or before the date for which he was last insured. Moore, 405 F.3d at 1211; 42 U.S.C. § 423(a)(1)(A). Social Security regulations establish a five-step evaluation process, used to determine disability for DIB claims, that "place[s] a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." Moore, 405 F.3d at 1211; 20 C.F.R. § 404.1520.

Under the five-stop process, even if a claimant's impairment is severe and prevents him from doing his past relevant work, he is not considered disabled if he retains the RFC to make an adjustment to other work. 20 C.F.R. § 404.1520(a)(4). An RFC assessment is based upon all of the relevant evidence and measures a claimant's ability to do work despite his impairments. See Lewis, 125 F.3d at 1440. The ALJ makes this determination by considering the claimant's ability to lift weight, sit, stand, push, pull, etc. See C.F.R. § 404.1545(b). Relevant evidence regarding a claimant's RFC may include medical reports and assessments by state

---

[3] Although the ALJ incorrectly stated that Dr. McCaulie saw Carson only twice, that error was harmless because the record does not indicate that it affected the ALJ's decision. See Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983) (applying the harmless error analysis in the Social Security case context).

agency medical consultants. 20 C.F.R. § 404.1513(a), (c).

To determine the physical exertion requirements of work in the national economy, jobs are classified as sedentary, light, medium, heavy, and very heavy. See 20 C.F.R. § 404.1567. Sedentary work involves lifting no more than ten pounds at a time, with periods of standing or walking generally totaling no more than two hours in an eight hour workday, and sitting totaling approximately six hours in an eight hour workday. See Kelley v. Apfel, 185 F.3d 1211, 1213 n.2 (11th Cir. 1999). Light work involves lifting no more than 20 pounds at a time and frequently lifting objects weighing up to 10 pounds, as well as a good deal or walking or standing, or sitting with some pushing and pulling of arm or leg controls. See Walker v. Bowen, 826 F.2d 996, 1000 (11th Cir. 1987); 20 C.F.R. § 416.967(b).

The Commissioner has found that a claimant retains the RFC to adjust to other work only if he can do so on a "regular and continuing basis," which means "8 hours a day, for 5 days a week, or an equivalent work schedule." Kelley, 185 F.3d at 1214 (quoting Social Security Ruling 96-8p).

Here, substantial evidence supported the ALJ's denial of Carson's disability benefits claim. First, as discussed in part I, substantial evidence supported the ALJ's decision to discount Dr. McCaulie's opinion because it was inconsistent

6

with other evidence in the record.  Also, substantial evidence specifically supported the ALJ's  RFC determination that Carson could sit or stand for up to one and a half hours at a time and up to four hours in an eight-hour workday and perform other limited physical activities.  Carson does not challenge the testimony of the vocational expert that a person with the RFC found by the ALJ with Carson's age, education, and skills could perform a range of light and sedentary work as found in jobs such as an estimator or a purchasing agent.

For the foregoing reasons, the judgment of the district court is AFFIRMED.