144 F.3d 1203
 57 Soc.Sec.Rep.Ser. 12, Unempl.Ins.Rep. (CCH) P 16024B,
98 Cal. Daily Op. Serv. 3747,
98 Daily Journal D.A.R. 5181
Mary MAIER, Plaintiff-Appellant,
v.
COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,
Defendant-Appellee.
 No. 97-35423.
 United States Court of Appeals,
Ninth Circuit.
 Submitted May 6, 1998.[1]
Decided May 18, 1998.
 
 David B. Lowry, Portland, OR, for plaintiff-appellant.
 Ben A. Porter, Assistant Regional Counsel, Social Security Admin., Seattle, WA, for defendant-appellee.
 Appeal from the United States District Court for the District of Oregon Helen J. Frye, District Judge, Presiding. D.C. No. CV-96-01140-HJF.
 Before: HAWKINS, THOMAS and SILVERMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal requires us to decide what the phrase "standard document" means in regulations governing mental health assessments of social security claimants. We conclude that the Psychiatric Review Technique Form attached to the Administrative Law Judge's decision in this case complied with the regulations. Accordingly, we affirm the judgment of the district court denying the petition for review.
 
 I.
 
 2
 Mary Maier suffered a stroke in the rear left part of her brain in April 1993. Prior to 1993, Maier had worked as a house cleaner, a bartender and a nurse's assistant. Maier contends that, as a result of her stroke, she is no longer able to work as a bartender or house cleaner because she suffers from peripheral vision problems, depression, fatigue, a fear of people, and an inability to read or concentrate. Additionally, as a result of a drug felony, Maier can no longer be licensed as a nurse's assistant.
 
 
 3
 Maier filed an application for Supplemental Security Income in October 1993. She alleged that she had been disabled since April 1993 due to a stroke which caused vision problems, headaches, depression, concentration problems and fatigue. Her application was denied in February 1994, and her request for reconsideration was denied in April 1994. She sought and obtained a hearing before an administrative law judge ("ALJ"). After consideration of the evidence, the ALJ found that Maier was not under a disability as defined by the Social Security Act, and denied her application for Supplemental Social Security benefits in June 1995. The Appeals Council affirmed the ALJ's denial. Maier then filed this case in the United States District Court in August 1996. The district court affirmed the Commissioner's denial of benefits, and Maier timely filed a Notice of Appeal.
 
 II.
 
 4
 The ALJ denied benefits in this case because he found that Maier's severe impairments did not meet or equal the disability listings contained in 20 C.F.R. pt. 404, subpt. P, app. 1. To comply with the requirements of 20 C.F.R. § 416.920a that a standard document outlining the steps of a mental health assessment be completed and attached to the decision, the ALJ attached a document known as a "Psychiatric Review Technique Form" to the decision. Maier contends that the form referenced in the regulations is actually a document known as a "Mental Residual Functional Capacity Assessment" and that failure to attach it to the opinion requires reversal.
 
 
 5
 The relevant regulations establish a five step procedure to be employed in evaluating mental impairments. The procedure requires the evaluator to: (1) determine whether a mental impairment exists by recording pertinent symptoms and limitations; (2) determine whether "certain medical findings which have been found especially relevant to the ability to work are present or absent"; (3) determine whether the impairment is severe by rating the degree of functional loss resulting from the impairment; (4) determine whether the impairment, or a combination of impairments, meet or equal a mental disorder listed in 20 C.F.R. pt. 404, subpt. P, app. 1; and (5) complete a residual functional capacity assessment. 20 C.F.R. § 416.920a. "A standard document outlining the steps of this procedure must be completed," and that document must be appended to the ALJ's decision. 20 C.F.R. § 416.920a(d).
 
 
 6
 The Psychiatric Review Technique form used by the ALJ "outlines the steps" of the procedure in accordance with 20 C.F.R. § 416.920a(d) and is appropriate for use regardless of the evaluation outcome. The Mental Residual Functional Capacity Assessment form, which Maier contends should have been used, is completed at the conclusion of a residual functional assessment, the steps of which are not even detailed in 20 C.F.R. § 416.920a. Rather, the steps of the residual functional assessment procedure are described in 20 C.F.R. § 416.945. Thus, when § 416.920a(d) refers to a document outlining the "steps of this procedure," the reference is clearly made to the procedure described in § 416.920a rather than the process described in an entirely different regulation.
 
 
 7
 Further, § 416.920a requires the evaluative steps to be performed sequentially. If the claimant fails to meet any of the sequential hurdles, the claimant is not entitled to benefits and the ALJ is not required to complete the full analytic process. Thus, if the initial preconditions are not satisfied, the ALJ is not required to perform a residual functional capacity assessment. The Psychiatric Review Technique form describes the results of the regulatory process; the Mental Residual Functional Capacity Assessment form does not. Indeed, a residual functional capacity assessment is only performed if the preconditions are satisfied. Thus, although the evaluator must always complete steps one through four of the sequential evaluation process, an evaluator will only complete a residual functional capacity assessment if an impairment does not meet or equal a listed mental disorder. Thus, the Mental Residual Functional Capacity Assessment form does not encompass any of the criteria involved in steps one through four of the sequential evaluation process. The Psychiatric Review Technique form does. The ALJ therefore properly interpreted the regulations and attached a Psychiatric Review Technique form. He did not err by failing to append a Mental Residual Functional Assessment form to his decision.
 
 III.
 
 8
 We have carefully examined Maier's other appellate claims and conclude they are without merit. Substantial evidence in the record supports the ALJ's conclusion that Maier's impairments did not meet or equal a disability listed in 20 C.F.R. pt. 404, subpt. P, app. 1. The ALJ's explanation that Maier was not credible was supported by the clear and convincing reason that Maier's testimony contradicts most of the medical evaluations. The ALJ correctly excluded limitations from a hypothetical question which were not supported by the record. The ALJ properly relied on expert testimony "matching the specific requirements of a designated occupation with the specific abilities and limitations of the claimant" in deviating from the Dictionary of Occupational Titles descriptions. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir.1995).
 
 
 9
 For these reasons, we affirm the judgment of the district court.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)