[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15631
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 5, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00047-CV-1-MMP

MIRIAM G. EHRISMAN,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,
Commissioner of Social Security Administration,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 5, 2010)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Miriam G. Ehrisman appeals the district court's order affirming the

Commissioner of Social Security's ("Commissioner") denial of her application for

disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to 42 U.S.C. § 405(g). On appeal, Ehrisman argues that the Administrative Law Judge ("ALJ") erred at step four of the sequential evaluation process by failing to complete a Mental Residual Functional Capacity Assessment ("MRFCA") and by failing to consider her mental and physical impairments in combination. Upon review of the record, and consideration of the parties' briefs, we affirm.

## I.

"In Social Security appeals, we review *de novo* the legal principles upon which the [ALJ's] decision is based. However, we review the resulting decision only to determine whether it is supported by substantial evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) (citations omitted). "Substantial evidence is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (citation omitted). We, therefore, will not "decid[e] the facts anew, mak[e] credibility determinations, or re-weigh[] the evidence." *Id.* (citation omitted).

## II.

An individual seeking disability benefits or supplemental security income

must prove that she is disabled and unable to perform her past relevant work. *Id.* (citation omitted). The Social Security regulations outline a five-step, sequential evaluation process to determine whether a claimant is disabled. *Id.* (citation omitted); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The ALJ must evaluate whether: (1) the claimant engaged in substantial gainful employment; (2) the claimant has a severe impairment; (3) the severe impairment meets or equals an impairment in the Listing of Impairments; (4) the claimant has the Residual Functional Capacity ("RFC") to perform past relevant work; and (5) in light of the claimant's RFC, age, education, and work experience, there are other jobs the claimant can perform. 20 C.F.R §§ 404.1520(a)(4), 416.920(a)(4); *see Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004). If the ALJ determines that the claimant is not disabled at any step of the evaluation process, the inquiry ends. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to do past relevant work. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "The [RFC] is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite [her] impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citation omitted). In evaluating a claimant's RFC, the ALJ considers the claimant's ability to "meet the

3

physical, mental, sensory, and other requirements of work." 20 C.F.R. §§ 404.1545(a)(4), 416.945(a)(4). The ALJ must consider all of a claimant's medically determinable impairments, even those not designated as severe. *Id.* §§ 404.1545(a)(2), 416.945(a)(2).

III.

*A. The MRFCA*

Ehrisman argues that the ALJ erred by not completing an MRFCA. This argument is unpersuasive.

In the case of a "colorable claim of mental impairment, the social security regulations require the ALJ to complete a [Psychiatric Review Technique Form ("PRTF")] and append it to the decision, *or incorporate its mode of analysis into his findings and conclusions*. Failure to do so requires remand." *Moore*, 405 F.3d at 1214 (emphasis added); *see* 20 C.F.R. §§ 404.1520a(e)(2), 416.920a(e)(2). Social Security regulations "require the ALJ to use the 'special technique' dictated by the PRTF for evaluating mental impairments." *Moore*, 405 F.3d at 1213 (citing 20 C.F.R. § 404.1520a(a)); 20 C.F.R. § 416.920a(a). "This technique requires separate evaluations on a four-point scale of how the claimant's mental impairment impacts four functional areas: 'activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation.'" *Moore*,

4

405 F.3d at 1213 (citing 20 C.F.R. § 404.1520a(c)(3–4)); 20 C.F.R. § 416.920a(c)(3–4). "The ALJ is required to incorporate the results of this technique into the findings and conclusions." *Moore*, 405 F.3d at 1213–14 (citing 20 C.F.R. § 404.1520a(e)(2)); 20 C.F.R. § 416.920a(e)(2).

The record shows that while considering Ehrisman's depression, the ALJ properly employed the four PRTF functional limitation categories and rendered a finding about the degree of limitation as to each category. R2 at 19; *see* 20 C.F.R. §§ 404.1520a(b) and (c), 416.920a(b) and (c). In evaluating her mental limitations, the ALJ concluded that Ehrisman had "mild restriction of activities of daily living; mild difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence or pace; and no episodes of decompensation." R2 at 19. Ehrisman has cited no controlling authority holding that, in addition to performing a PRTF analysis, the ALJ must complete a separate MRFCA form or undertake a separate MRFCA analysis. The ALJ's decision indicates that he appropriately incorporated the PRTF mode of analysis into his findings and conclusions, as required by the Social Security regulations.[1] Accordingly, we find no error.

---

[1] *See Maier v. Comm'r of Soc. Sec. Admin.*, 154 F.3d 913, 915 (9th Cir. 1998) (holding that the ALJ did not err by failing to append a MRFCA form because the form does not encompass any of the criteria involved in steps one through four).

*B. The Combination of Impairments*

Ehrisman also asserts that the ALJ failed to consider her impairments in combination. This argument has no merit.

"When a claimant has alleged a multitude of impairments, a claim for social security benefits may lie even though none of the impairments, considered individually, is disabling." *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987) (per curiam) (citation and quotation omitted). The ALJ must "make specific and well-articulated findings as to the effect of the combination of impairments and . . . decide whether the combined impairments cause the claimant to be disabled." *Id.* (citation and quotation omitted); 20 C.F.R. §§ 404.1523, 416.923.

The record demonstrates that the ALJ considered all of Ehrisman's impairments in combination prior to determining her RFC. R2 at 19–20. In making a credibility determination, the ALJ accounted for both her depression and degenerative disc disease. *Id.* He then compared Ehrisman's RFC with the "physical and mental" demands of her past work and concluded that "even with nonexertional limitations due to her depression," she was capable of performing "past work as a maid or counter clerk as she actually performed it." *Id.* at 19, 21–22. Although the ALJ did not specifically include the findings as to Ehrisman's mental limitations in the statement of her RFC, any error to this extent

6

is harmless since the ALJ's decision indicated that its conclusions were based on consideration of both her physical and mental impairments.[2] *Id.* at 19–21; *see* 20 C.F.R. §§ 404.1545(b),(c), 416.945(b),(c).

Additionally, to the extent Ehrisman argues that the ALJ failed to develop the requirements of her past relevant work, she has shown no error because the ALJ properly consulted the *Dictionary of Occupational Titles*.  R2 at 21; *see* 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2).  Accordingly, we find that the ALJ did not err at step four of the sequential analysis.

*C. Testimony from a Vocational Expert*

In the alternative, Ehrisman argues that the ALJ committed reversible error at step five by not taking testimony from a vocational expert.  Ehrisman, however, offers no discussion of this point other than a conclusory statement with no supporting legal authority, and so the argument is waived.  *See Access Now, Inc.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (holding that a party waives an issue where she fails to offer argument on it in her appellate brief).  Furthermore, because the ALJ found Ehrisman not disabled at step four of the sequential evaluation process,

---

[2] The ALJ's decision states that none of the Ehrisman's treating physicians opined that her impairments precluded her from the performance of work activity at any exertional level.  R2 at 20.  Furthermore, the ALJ indicated that Ehrisman reported no history of mental illness or treatment for mental or emotional difficulties.  Ehrisman also claimed that she did not think she was depressed, but was upset only because of what was happening to her due to the accident.  *Id.*

we need not address this issue at step five.

IV.

Because the ALJ's decision was supported by substantial evidence, and Ehrisman has not shown reversible error in the ALJ's determination that she was not disabled at step four of the sequential evaluation process, we affirm.

**AFFIRMED.**