[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14576
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cv-00611-MRM

JOHNNIE E. ADDERLY, III,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 12, 2018)

Before ED CARNES, Chief Judge, JULIE CARNES, and HULL, Circuit Judges.

PER CURIAM:

Johnnie Adderly, III, proceeding pro se, appeals the district court's order affirming the Commissioner of the Social Security Administration's decision to deny his application for supplemental security income and disability insurance benefits.

Adderly filed his application in June 2014.  After a hearing, an administrative law judge applied the five-step analysis for determining whether an individual is disabled, see 20 C.F.R. § 404.1520(a)(4)(i)–(v), and entered findings. First, that Adderly had not engaged in substantial gainful activity since December 13, 2012.  Second, that he had severe impairments of (1) affective disorder and (2) lumbar degenerative disc disease, with mild stenosis and mild to moderate scoliosis without nerve root compression.  Third, that his impairments did not meet or equal the severity of an impairment listed in the Code of Federal Regulations. Fourth, that Adderly had the residual functional capacity to perform light work (for example, he could frequently lift 10 pounds and occasionally 20 pounds; could stand, walk, or sit for six hours; could frequently climb stairs and balance; had no limitation on kneeling and crouching; and could understand and carry out simple instructions and tolerate occasional interaction with the public).  Fifth, that Adderly could not perform his past work as a stage technician, which required heavy physical demands, but that there were other jobs requiring only light work that

2

existed in significant numbers in the national economy. As a result of those findings, the ALJ concluded that Adderly was not disabled.

The Appeals Council denied Adderly's request to review the ALJ's decision. He then filed a civil action in the district court, which affirmed the ALJ's decision. This is his appeal.

Where the "ALJ denies benefits and the [Appeals Council] denies review, we review the ALJ's decision as the Commissioner's final decision." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001). "We review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny." Id. The Commissioner's factfindings "are conclusive if they are supported by substantial evidence, consisting of such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. (quotation marks omitted). Adderly challenges the ALJ's determinations that his affective disorder did not meet or equal a listed impairment and that he had the residual functional capacity to perform light work.[1]

---

[1] Adderly has waived his argument that the ALJ should not have relied on a vocational expert's testimony because he did not properly raise that argument in the district court. See Kelley v. Apfel, 185 F.3d 1211, 1215 (11th Cir. 1999) ("We do not reach [the claimant's] third argument, that the ALJ should not have relied on the testimony of a vocational expert, because he did not raise it before the administrative agency or the district court."); In re Pan Am. World Airways, Inc., Maternity Leave Practices & Flight Attendant Weight Program Litig., 905 F.2d 1457, 1462 (11th Cir. 1990) ("[I]f a party hopes to preserve a claim, argument, theory, or defense for appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it."). He has abandoned his arguments that insufficient weight was given to a physician's opinion and that the Commissioner did not

Those challenges fail because substantial evidence supports the ALJ's findings.  As for his first challenge, Adderly had to show that his affective disorder caused a marked limitation in daily living or social functioning (for instance, in his ability to concentrate or understand information) or that he experienced repeated episodes of decompensation.  See 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04(A)–(C); see also Barron v. Sullivan, 924 F.2d 227, 229 (11th Cir. 1991) (stating that the plaintiff has the burden to show that his impairments meet or equal a listed impairment).  The evidence showed that he can perform daily living and social tasks:  he can shop and use public transportation; he attends church services and meetings; he can take care of his rabbit; and he has had a girlfriend for two years.  And the evidence also showed that his affective disorder is being managed with treatment and medication, that he is compliant with his medications, and that he attends regular appointments.  That evidence supports the ALJ's finding that Adderly's mental health impairments did not meet or equal a listed impairment.

---

consider new evidence because he mentions those arguments only in passing.  See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").  Finally, his arguments that the ALJ failed to consider the side effects of his medications, erred in assessing his credibility, and did not allow him to comment on certain evidence are all deemed abandoned because he raises them for the first time in his reply brief.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) ("[W]e do not address arguments raised for the first time in a pro se litigant's reply brief.").

Substantial evidence also supports the ALJ's finding that Adderly has the residual functional capacity to perform light work.  To begin with, the ALJ considered the combined effects of his mental and physical impairments in considering his residual functional capacity.  See Walker v. Bowen, 826 F.2d 996, 1001 (11th Cir. 1987) ("It is established that the ALJ must consider the combined effects of a claimant's impairments in determining whether she is disabled.").  The ALJ also made specific findings and based the decision on an extensive review of Adderly's work history, all relevant medical evidence, his testimony at the hearing, and the opinions of various doctors.  See id. (stating that the ALJ must "make specific and well-articulated findings as to the effect of the combination of impairments" in determining residual functional capacity).  In particular, the ALJ gave great weight to the opinion of an examining physician who concluded that Adderly had some slight limits in his range of motion in his lumbar region, but that he had no muscle weakness or sensory issues, had a normal gait and finger dexterity, and did not need any assistive devices.  That evidence supports the ALJ's finding that he could perform light work.  See 20 C.F.R. § 404.1567(b) (defining light work as a job that involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and requires "a good deal of walking or standing" or, if sitting, involves "some pushing and pulling of arm or leg controls"); see also Winschel v. Comm'r of Soc. Sec.,

631 F.3d 1176, 1178 (11th Cir. 2011) ("[We do not] reweigh the evidence[ ] or substitute our judgment for that of the Commissioner.") (quotation marks and alterations omitted). The ALJ also found that Adderly's testimony was inconsistent with the medical evidence and his own reports, which showed that he was able to perform a number of tasks (for example, he reported that he was independent in self-care and could walk and use public transportation). And the evidence showed that his physical and mental impairments could be managed through medication and therapy. That evidence supports the ALJ's finding that Adderly had the residual functional capacity to perform light work.

**AFFIRMED.**