[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10703
Non-Argument Calendar
_____

D.C. Docket No. 6:10-cv-01478-GAP-KRS

JASON S. SMITH,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 15, 2012)

Before MARCUS, WILSON, and FAY, Circuit Judges.

PER CURIAM:

Jason Smith appeals the administrative law judge's ("ALJ") denial of his

claims for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act.  The ALJ found that Smith suffered from the severe impairments of obesity, asthma, and bipolar disorder, and that he was moderately limited in his ability to maintain his concentration, persistence, and pace.  Nonetheless, the ALJ determined that Smith could perform simple, routine, and repetitive tasks.  Considering Smith's residual functional capacity, the ALJ concluded that Smith was not disabled because he could perform his past relevant work.  On appeal, Smith argues that the ALJ failed to specifically account for his moderate limitations when assessing his residual functional capacity and ability to work.  After a careful review of the administrative record and the parties' briefs, we affirm the ALJ's denial of disability insurance benefits and supplemental security income.

We review the ALJ's decision to ensure it is supported by substantial evidence and that it is based upon the proper legal standards.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Id.* (internal quotation marks omitted).  If the ALJ's finding is supported by substantial evidence, we must defer to it even if the evidence preponderates against the finding.  *Crawford v. Comm'r of Soc. Sec.*,

2

363 F.3d 1155, 1158–59 (11th Cir. 2004) (per curiam).  "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner."  *Winschel*, 631 F.3d at 1178 (alterations and internal quotation marks omitted).

Eligibility for disability insurance benefits and supplemental security income requires that the claimant be disabled.  42 U.S.C. § 423(a)(1)(E) (disability insurance benefits); *Id.* § 1382(a)(1)–(2) (supplemental security income).[*]  A claimant shall be considered disabled if he is unable to engage in substantial gainful activity by reason of a medically determinable impairment that can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  *Id.* §§ 423(d)(1)(A), 1382c(a)(3)(A).  The claimant bears the burden of proving his disability.  *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam).

In order to determine whether a claimant is disabled, the Social Security Administration applies a 5-step sequential evaluation.  20 C.F.R. §§ 404.1520(a), 416.920(a).  This process includes an analysis of whether the claimant: (1) is unable to engage in substantial gainful activity; (2) has a severe medically

---

[*]The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.

determinable physical or mental impairment that meets the duration requirements; (3) has an impairment that meets or equals an impairment listed in the regulation and that meets the duration requirements; (4) can perform his past relevant work, in light of his residual functional capacity; and (5) can make an adjustment to other work, in light of his residual functional capacity, age, education, and work experience.  *Id.* §§ 404.1520(a)(4), 416.920(a)(4).

A claimant who can perform his past relevant work is not disabled.  *Id.* §§ 404.1560(b)(3), 416.960(b)(3).  When determining whether a claimant can perform his past relevant work, the ALJ first determines the claimant's residual functional capacity.  *Id.* §§ 404.1520(e), 416.920(e).  "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1545(a)(1)); *see also* 20 C.F.R. § 416.945(a)(1).

Smith has pulled language from our opinion in *Winschel*, 631 F.3d at 1176, to form his argument.  *Winschel* presented a question concerning the analysis at step five of the sequential evaluation.  One way an ALJ can make his determination of whether a significant number of jobs exist in the national economy is by consulting a vocational expert.  *Id.* at 1180.  But "'[i]n order for a

4

vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.'" *Id.* (quoting *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (per curiam)). We concluded that the ALJ's decision in *Winschel* did not constitute substantial evidence because the hypothetical posed did not account for the conclusions made at earlier steps with respect to limitations in concentration, persistence, and pace. *Id.* at 1181. Smith reasons that if the Commissioner in *Winschel* argued that an ALJ's hypothetical did not need to account for limitations found at steps two and three, then the Commissioner here must have also instructed the ALJ to ignore the same limitations when determining the ability to perform past relevant work.

Our characterization of the Commissioner's argument in *Winshel* is not instructive on the question of whether the ALJ here considered Smith's moderate limitations in concentration, persistence, or pace. A review of the record indicates that the ALJ did consider these limitations. When explaining his decision at step four, the ALJ stated that he did consider the Psychiatric Review Technique, which recorded Smith's moderate limitations in concentration, persistence, and pace. But when Smith's limitations were considered alongside the rest of the evidence in the record, the ALJ determined that Smith's statements concerning the intensity,

persistence, and limiting effects of his claimed symptoms were not entirely credible.

Substantial evidence supports the ALJ's decision.  In particular, Dr. Graham examined Smith and noted that during the examination Smith did not have problems with attention, concentration, or recent memory issues.  There were no behavioral indications of anxiety, depression, or of a thought disorder.  State psychological consultants believed Smith was capable of simple, routine, and repetitive work.  The examination conducted by Dr. Barber was essentially unremarkable and indicated a capacity for work-related activities.  Indeed, Smith frequently volunteered at Habitat for Humanity.  The ALJ relied upon a complete residual functional capacity assessment, and substantial evidence supports the conclusion that in light of Smith's residual functional capacity, Smith can perform his past relevant work.  Smith is not entitled to disability insurance benefits or supplemental security income.

**AFFIRMED**.