IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 SOUTHERN DIVISION 

FELISHA WALKER, ) 
 ) 
 Plaintiff, ) 
 ) 
 v. ) Civil Action No.: 1:19-cv-618-SMD 
 ) 
ANDREW SAUL, ) 
Commissioner of Social Security, ) 
 ) 
 Defendant. ) 

 MEMORANDUM OPINION 

I. INTRODUCTION 

 Plaintiff Felisha Walker protectively filed an application for a period of disability, 
Supplemental Social Security Income, and Disability Insurance Benefits (“DIB”) on March 
28, 2017, alleging disability beginning March 3, 2017. The application was denied at the 
initial administrative level. Plaintiff then requested and received a hearing before an 
Administrative Law Judge (“ALJ”). Following the hearing, the ALJ issued an unfavorable 
decision, and the Appeals Council denied Plaintiff’s request for review. The ALJ’s decision 
consequently became the final decision of the Commissioner of Social Security 
(“Commissioner”).1 See Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). The case 
is now before the Court for review of that decision under 42 U.S.C. § 405(g). Pursuant to 

1 Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-
296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social 
Security matters were transferred to the Commissioner of Social Security. 
28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry 
of a final judgment by the undersigned United States Magistrate Judge. Pl.’s Consent to 
Jurisdiction (Doc. 9); Def.’s Consent to Jurisdiction (Doc. 10). Based on the Court’s review 
of the record and the briefs of the parties, the Court REVERSES and REMANDS the 
decision of the Commissioner. 

II. STANDARD OF REVIEW 
 Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to benefits when the person is 
unable to 
 engage in any substantial gainful activity by reason of any medically 
 determinable physical or mental impairment which can be expected to result 
 in death or which has lasted or can be expected to last for a continuous period 
 of not less than 12 months. 

42 U.S.C. § 423(d)(1)(A).2 
 To make this determination, the Commissioner employs a five-step, sequential 
evaluation process. See 20 C.F.R. §§ 404.1520, 416.920 (2011). 
 (1) Is the person presently unemployed? 
 (2) Is the person’s impairment severe? 
 (3) Does the person’s impairment meet or equal one of the specific 
 impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of 
 Impairments]? 
 (4) Is the person unable to perform his or her former occupation? 
 (5) Is the person unable to perform any other work within the economy? 
 An affirmative answer to any of the above questions leads either to the next 
 question, or, on steps three and five, to a finding of disability. A negative 
 answer to any question, other than step three, leads to a determination of “not 
 disabled.” 

2 A “physical or mental impairment” is one resulting from anatomical, physiological, or psychological 
abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 
McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986).3 
 The burden of proof rests on a claimant through Step Four. See Phillips v. Barnhart, 
357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a prima facie case of 
qualifying disability once they have carried the burden of proof from Step One through 
Step Four. At Step Five, the burden shifts to the Commissioner, who must then show there 
are a significant number of jobs in the national economy the claimant can perform. Id. 
 To perform the fourth and fifth steps, the ALJ must determine the claimant’s 

Residual Functional Capacity (“RFC”). Id. at 1238-39. The RFC is what the claimant is 
still able to do despite the claimant’s impairments and is based on all relevant medical and 
other evidence. Id. It may contain both exertional and nonexertional limitations. Id. at 
1242-43. At the fifth step, the ALJ considers the claimant’s RFC, age, education, and work 
experience to determine if there are jobs available in the national economy the claimant 

can perform. Id. at 1239. To do this, the ALJ can either use the Medical Vocational 
Guidelines (“grids”), see 20 C.F.R. pt. 404 subpt. P, app. 2, or call a vocational expert 
(“VE”). Id. at 1239-40. 
 The grids allow the ALJ to consider factors such as age, confinement to sedentary 

3 McDaniel is a supplemental security income (SSI) case. The same sequence applies to disability 
insurance benefits brought under Title II of the Social Security Act. Supplemental security income 
cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title 
II cases, and vice versa. See, e.g., Smith v. Comm’r of Soc. Sec., 486 F. App’x 874, 876 n.* (11th 
Cir. 2012) (“The definition of disability and the test used to determine whether a person has a 
disability is the same for claims seeking disability insurance benefits or supplemental security 
income.”). 
or light work, inability to speak English, educational deficiencies, and lack of job 
experience. Each factor can independently limit the number of jobs realistically available 
to an individual. Phillips, 357 F.3d at 1240. Combinations of these factors yield a 
statutorily-required finding of “Disabled” or “Not Disabled.” Id. 
 The Court’s review of the Commissioner’s decision is a limited one. This Court 

must find the Commissioner’s decision conclusive if it is supported by substantial 
evidence. 42 U.S.C. § 405(g); Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). 
“Substantial evidence is more than a scintilla, but less than a preponderance. It is such 
relevant evidence as a reasonable person would accept as adequate to support a 
conclusion.” Richardson v. Perales, 402 U.S. 389, 401 (1971); see also Crawford v. 

Comm’r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (“Even if the evidence 
preponderates against the Commissioner’s findings, [a reviewing court] must affirm if the 
decision reached is supported by substantial evidence.”). A reviewing court may not look 
only to those parts of the record which support the decision of the ALJ, but instead must 
view the record in its entirety and take account of evidence which detracts from the 

evidence relied on by the ALJ. Hillsman v. Bowen, 804 F.2d 1179 (11th Cir. 1986). 
 [The court must] . . . scrutinize the record in its entirety to determine the 
 reasonableness of the [Commissioner’s] . . . factual findings. . . . No similar 
 presumption of validity attaches to the [Commissioner’s] . . . legal 
 conclusions, including determination of the proper standards to be applied in 
 evaluating claims. 

Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). 
III. ADMINISTRATIVE PROCEEDINGS 

 Plaintiff was forty-five years old as of her alleged onset date. Tr. 27, 20. Plaintiff 
has a high school education and previously worked as a cook, a personal care aid, and a 
nurse’s assistant. Tr. 27-28, 206). 
 Following an administrative hearing, and employing the five-step process, the ALJ 
found at Step One that Claimant “has not engaged in substantial gainful activity since 
March 3, 2017, the alleged onset date[.]” Tr. 17. At Step Two, the ALJ found that Claimant 
suffers from the following severe impairments: “diabetes mellitus; cervical degenerative 
disc disease; epilepsy/seizure disorder; peripheral vertigo; obstructive sleep apnea; 
gastroesophageal reflux disease (GERD[)]; anemia; obesity; generalized anxiety disorder 

and depressive disorder.” Tr. 18. At Step Three, the ALJ found that Claimant “does not 
have an impairment or combination of impairments that meets or medically equals the 
severity of one of the listed impairments[.]” Tr. 18. Next, the ALJ articulated Claimant’s 
RFC as follows: 
 The claimant has the residual functional capacity to perform sedentary work 
 . . . except the claimant is precluded from climbing ladders, ropes and 
 scaffolds, and from kneeling, crouching and crawling. She can occasionally 
 climb ramps and stairs, balance and stoop. The claimant is precluded from 
 work at unprotected heights, around hazardous machinery and around open 
 bodies of water. She is further precluded from work where driving is an 
 essential function of the job. The claimant should avoid concentrated 
 exposure to temperature extremes and humidity. She can understand, 
 remember, apply and carry out simple, repetitive instructions and can persist 
 at that level of complexity for eight hours a day, five days a week 
 consistently. The claimant can have occasional interaction with the public, 
 co-workers and supervisors; she can adapt to routine changes in the work 
 setting that are occasional in nature. 
Tr. 21. At Step Four, the ALJ concluded that Plaintiff is “unable to perform any past 
relevant work.” Tr. 27. The ALJ next found, at Step Five, that “[c]onsidering the claimant’s 
age, education, work experience, and residual functional capacity, there are jobs that exist 
in significant numbers in the national economy that the claimant can perform.” Tr. 28. 
Based upon the testimony of the VE, the ALJ identified the following as representative 

occupations: “assembler of small parts,” “circuit board assembler,” and “addressing clerk.” 
Tr. 28. Accordingly, the ALJ concluded that Plaintiff “has not been under a disability . . . 
from March 3, 2017, through the date of this decision[.]” Tr. 29. 
IV. PLAINTIFF’S ARGUMENT 
 Plaintiff argues, inter alia, that the ALJ’s RFC finding is not supported by 

substantial evidence. (Doc. 14) at 9-13. Specifically, Plaintiff asserts that the ALJ’s RFC 
finding is inconsistent with her acceptance of the opinion of Dr. Hinton, which she found 
“persuasive.” Id. Plaintiff argues that this inconsistency renders either the RFC finding 
and/or the ALJ’s evaluation of Dr. Hinton’s opinion unsupported by substantial evidence. 
Id. 

V. DISCUSSION 
 A. Whether the ALJ’s RFC Finding is Supported by Substantial Evidence. 

 In assessing Plaintiff’s RFC, the ALJ found, in relevant part, that Plaintiff could 
“understand, remember, apply and carry out simple, repetitive instructions and can persist 
at that level of complexity for eight hours a day, five days a week.” Tr. 21. In explaining 
how the ALJ reached this determination, the ALJ addressed the opinion of Dr. Donald 
Hinton. The ALJ noted Dr. Hinton found Plaintiff to have 
 a mild restriction in understanding, remembering or applying information, a 
 mild restriction in interacting with others, a moderate restriction in 
 concentrating, persisting or maintaining pace and a mild restriction in 
 adapting or managing oneself. In terms of the claimant’s mental residual 
 functional capacity, Dr. Hinton opined the claimant is moderately 
 limited in the ability to understand and remember detailed or complex 
 instructions. The claimant can understand and remember short and 
 simple instructions/tasks but not those more detailed or complex. The 
 claimant is moderately limited in the ability to maintain concentration 
 for extended periods. The claimant can attend and concentrate for two-
 hour periods. The claimant can maintain attention sufficiently to 
 complete simple tasks without the need for special supervision or more 
 than usual and customary rest breaks[.] Dr. Hinton’s ‘paragraph b’ 
 findings are inconsistent with the findings, above, with the exception of the 
 moderate limitation in concentrating, persisting or maintaining pace. Thus, 
 his opinion of the claimant’s mental residual functional capacity, is likewise 
 less restrictive than the residual functional capacity, above. The overall 
 treatment evidence supports moderate limitations in all four areas of 
 capacity, above. The overall treatment evidence supports moderate 
 limitations in all four areas of mental functioning that necessitate 
 accommodation in the claimant’s residual functional capacity. Accordingly, 
 this opinion is only persuasive in terms of the third area of mental 
 functioning (concentrating, persisting or maintaining pace) and the 
 corresponding mental limitations in the residual functional capacity 
 because it is generally consistent with the overall treatment evidence and 
 the claimant’s residual functional capacity. Otherwise, the opinion is not 
 persuasive. 

Tr. 26 (emphasis added). 

 Interestingly, although the ALJ found Dr. Hinton’s opinion “persuasive” as to the 
third area of mental functioning—which “necessitate[d] accommodation” in Plaintiff’s 
RFC and its “corresponding mental limitations”—the ALJ ultimately concluded that 
Plaintiff could “understand, remember, apply and carry out simple, repetitive instructions 
and c[ould] persist at that level of complexity for eight hours a day, five days a week.” This 
is curious, considering Dr. Hinton’s seemingly contrasting opinion, upon which the ALJ 
supposedly relied, that Plaintiff could only “attend and concentrate for two-hour periods.” 
A further review of the ALJ’s opinion does not indicate why the ALJ concluded that 
Plaintiff could persist for eight hours a day instead of for two-hour periods. Neither does 

the opinion point to any specific evidence that supports that conclusion or contradicts Dr. 
Hinton’s opinion.4 Because the opinion fails to indicate the basis for the RFC determination 
that Plaintiff can concentrate for eight hours per day, the undersigned cannot conclude that 
substantial evidence supports the ALJ’s RFC determination, particularly as it to Plaintiff’s 
mental function. Therefore, the undersigned concludes that this matter should be reversed 

and remanded for further proceedings. Upon remand, should the ALJ determine that 
Plaintiff’s mental function remains as currently set forth in Plaintiff’s RFC, the ALJ should 

4 The Commissioner argues that, in assessing Plaintiff’s RFC, the ALJ must have considered an 8-hour 
workday and a 5-day workweek with normal breaks because such is required when assessing a claimant’s 
ability to perform sedentary work. (Doc. 17) at 8. For support, the Commissioner relies upon Social Security 
Ruling 96-9p. SSR 96-9p, 1996 WL 374185, at * 6 (July 2, 1996) (“In order to perform a full range of 
sedentary work, an individual must be able to remain in a seated position for approximately 6 hours of an 
8-hour workday, with a morning break, a lunch period, and an afternoon break at approximately 2-hour 
intervals.”). However, the portion of the SSR cited by the Commissioner deals with exertional limitations 
and their erosion of a claimant’s ability to perform sedentary work. At issue here are Plaintiff’s non-
exertional limitations that erode her ability to perform sedentary work. Therefore, the Commissioner’s 
reliance upon what the ALJ must consider when assessing the impact of a claimant’s exertional limitations 
on her ability to perform sedentary work does not necessarily indicate that those same considerations were 
applied to Plaintiff’s non-exertional limitations on her ability to perform sedentary work. 

Importantly, Dr. Hinton did not suggest that Plaintiff was unable to sit for more than two hours due to a 
physical restriction; instead, the restriction was based upon Plaintiff’s ability to “attend and concentrate,” 
which has nothing to do with Plaintiff’s physical ability to remain seated. At a minimum, the ALJ’s opinion 
is unclear as to whether normal work breaks are required within Plaintiff’s RFC because of her mental 
restrictions, and the undersigned will not read such a requirement into the opinion, as the Commissioner 
suggests. 
set forth the evidence within the record to sufficiently support that conclusion. If breaks 
are required at certain intervals during the workday, the ALJ should construct Plaintiff’s 
RFC to account for such. 
VI. CONCLUSION 
 For the reason given above, the undersigned concludes that the decision of the 

Commissioner is REVERSED and REMANDED to the Commissioner for further 
proceedings. A separate judgment will issue. 
 Done this 27th day of August, 2020. 

 /s/ Stephen M. Doyle 
 UNITED STATES MAGISTRATE JUDGE