IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 NORTHERN DIVISION 

CHRISTOPHER SEIBERT, ) 
 ) 
 Plaintiff, ) 
 ) 
 v. ) Civil Action No.: 2:19-cv-00746-SMD 
 ) 
ANDREW SAUL, ) 
Commissioner of Social Security, ) 
 ) 
 Defendant. ) 

 MEMORANDUM OPINION 

I. INTRODUCTION 

 Plaintiff Christopher Seibert (“Plaintiff”) filed for a period of disability, Disability 
Insurance Benefits (“DIB”), and Supplemental Security Income (SSI) on August 16, 2016, 
alleging disability beginning February 15, 2012. The application was denied at the initial 
administrative level. Plaintiff then requested and received a hearing before an 
Administrative Law Judge (“ALJ”). Following the hearing, the ALJ issued an unfavorable 
decision, and the Appeals Council denied Plaintiff’s request for review. The ALJ’s 
decision consequently became the final decision of the Commissioner of Social Security 
(“Commissioner”).1 See Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). The case 
is now before the Court for review of that decision under 42 U.S.C. § 405(g). Pursuant to 

1 Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-
296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social 
Security matters were transferred to the Commissioner of Social Security. 
28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry 
of a final judgment by the undersigned United States Magistrate Judge. Pl.’s Consent to 
Jurisdiction (Doc. 14); Def.’s Consent to Jurisdiction (Doc. 13). Based on the Court’s 
review of the record and the briefs of the parties, the court AFFIRMS the decision of the 
Commissioner. 

II. STANDARD OF REVIEW 
 Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to benefits when the person is 
unable to: 
 engage in any substantial gainful activity by reason of any medically 
 determinable physical or mental impairment which can be expected to result 
 in death or which has lasted or can be expected to last for a continuous period 
 of not less than 12 months. 

42 U.S.C. § 423(d)(1)(A).2 
 To make this determination, the Commissioner employs a five-step, sequential 
evaluation process. See 20 C.F.R. §§ 404.1520, 416.920 (2011). 
 (1) Is the person presently unemployed? 
 (2) Is the person’s impairment severe? 
 (3) Does the person’s impairment meet or equal one of the specific 
 impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of 
 Impairments]? 
 (4) Is the person unable to perform his or her former occupation? 
 (5) Is the person unable to perform any other work within the economy? 
 An affirmative answer to any of the above questions leads either to the next 
 question, or, on steps three and five, to a finding of disability. A negative 
 answer to any question, other than step three, leads to a determination of “not 
 disabled.” 

2 A “physical or mental impairment” is one resulting from anatomical, physiological, or psychological 
abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 
McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986).3 
 The burden of proof rests on a claimant through Step Four. See Phillips v. Barnhart, 
357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a prima facie case of 
qualifying disability once they have carried the burden of proof from Step One through 
Step Four. At Step Five, the burden shifts to the Commissioner, who must then show there 
are a significant number of jobs in the national economy the claimant can perform. Id. 
 To perform the fourth and fifth steps, the ALJ must determine the claimant’s 

Residual Functional Capacity (“RFC”). Id. at 1238-39. The RFC is what the claimant is 
still able to do despite the claimant’s impairments and is based on all relevant medical and 
other evidence. Id. It may contain both exertional and nonexertional limitations. Id. at 
1242-43. At the fifth step, the ALJ considers the claimant’s RFC, age, education, and work 
experience to determine if there are jobs available in the national economy the claimant 

can perform. Id. at 1239. To do this, the ALJ can either use the Medical Vocational 
Guidelines (“grids”), see 20 C.F.R. pt. 404 subpt. P, app. 2, or call a vocational expert 
(“VE”). Id. at 1239-40. 
 The grids allow the ALJ to consider factors such as age, confinement to sedentary 

3 McDaniel is a supplemental security income (SSI) case. The same sequence applies to disability 
insurance benefits brought under Title II of the Social Security Act. Supplemental security income 
cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title 
II cases, and vice versa. See, e.g., Smith v. Comm’r of Soc. Sec., 486 F. App’x 874, 876 n.* (11th 
Cir. 2012) (“The definition of disability and the test used to determine whether a person has a 
disability is the same for claims seeking disability insurance benefits or supplemental security 
income.”). 
or light work, inability to speak English, educational deficiencies, and lack of job 
experience. Each factor can independently limit the number of jobs realistically available 
to an individual. Phillips, 357 F.3d at 1240. Combinations of these factors yield a 
statutorily-required finding of “Disabled” or “Not Disabled.” Id. 
 The Court’s review of the Commissioner’s decision is a limited one. This Court 

must find the Commissioner’s decision conclusive if it is supported by substantial 
evidence. 42 U.S.C. § 405(g); Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). 
“Substantial evidence is more than a scintilla, but less than a preponderance. It is such 
relevant evidence as a reasonable person would accept as adequate to support a 
conclusion.” Richardson v. Perales, 402 U.S. 389, 401 (1971); see also Crawford v. 

Comm’r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (“Even if the evidence 
preponderates against the Commissioner’s findings, [a reviewing court] must affirm if the 
decision reached is supported by substantial evidence.”). A reviewing court may not look 
only to those parts of the record which support the decision of the ALJ, but instead must 
view the record in its entirety and take account of evidence which detracts from the 

evidence relied on by the ALJ. Hillsman v. Bowen, 804 F.2d 1179 (11th Cir. 1986). 
 [The court must] . . . scrutinize the record in its entirety to determine the 
 reasonableness of the [Commissioner’s] . . . factual findings. . . . No similar 
 presumption of validity attaches to the [Commissioner’s] . . . legal 
 conclusions, including determination of the proper standards to be applied in 
 evaluating claims. 

Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). 
III. ADMINISTRATIVE PROCEEDINGS 

 Plaintiff was thirty-seven years old on his alleged disability onset date of February 
15, 2012. Tr. 26. Plaintiff has a high school diploma, two years of college education, and 
past work experience as a radiology technician. Tr. 23. Plaintiff alleged disability and 
inability to work due to chronic blepharitis, depression, anxiety, and chronic pain. Tr. 20. 
 Following an administrative hearing, and employing the five-step process, the ALJ 
found at Step One that Plaintiff “has not engaged in substantial gainful activity since 
February 15, 2012, the alleged onset date[.]” Tr. 20. At Step Two, the ALJ found that 
Plaintiff suffers from the following severe impairments: “anxiety, depression, chronic 
blepharitis, and chronic pain from history of hand fracture[.]” Tr. 20. At Step Three, the 

ALJ found that Plaintiff “does not have an impairment or combination of impairments that 
meets or medically equals the severity of one of the listed impairments[.]” Tr. 21. Next, 
the ALJ articulated Plaintiff’s RFC as follows: 
 the claimant has the residual functional capacity to perform light work . . . 
 except the claimant can frequently handle and finger items with the right 
 hand and left hand, and frequently climb ramps or stairs. He can occasionally 
 climb ladders, ropes or scaffolds, frequently balance, and occasionally stoop, 
 kneel, crouch or crawl. The claimant must avoid unprotected heights, but 
 can have occasional exposure to hazardous mechanical parts and operation 
 of motor vehicle as part of job duties. He can have occasional exposure to 
 dust, odors, fumes, and pulmonary irritants, and can have frequent 
 interactions with supervisors. The claimant can occasionally interact with 
 coworkers and public, could not perform production rate work, and time off 
 task would be accommodated with normal breaks. 

Tr. 22. At Step Four, the ALJ concluded that Plaintiff is “unable to perform any past 
relevant work.” Tr. 26. The ALJ next concluded, at Step Five, that “[c]onsidering the 
claimant’s age, education, work experience, and residual functional capacity, there are jobs 
that exist in significant numbers in the national economy that the claimant can perform.” 
Tr. 27. Based upon the testimony of the VE, the ALJ identified the following as 
representative occupations: “Machine operator,” “Inspector,” and “Classer aide.” Tr. 27. 
Accordingly, the ALJ concluded that Plaintiff “has not been under a disability . . . from 

February 15, 2012, through the date of this decision[.]” Tr. 27. 
IV. PLAINTIFF’S ARGUMENTS 
 Plaintiff presents one argument for the Court’s review. Plaintiff claims the ALJ 
erred in failing to properly evaluate the detailed opinion evidence from Plaintiff’s treating 
physicians. (Doc. 10) at 3-7. 

V. DISCUSSION 
 Whether the ALJ Properly Evaluated the Opinion Evidence from Plaintiff’s 
 Treating Physicians. 

 Plaintiff argues that the ALJ erred in evaluating the detailed opinion evidence from 
Plaintiff’s treating physicians. (Doc. 11) at 3-7. Specifically, Plaintiff asserts the ALJ failed 
to “state with particularity the weight he gave different medical opinions and the reasons 
therefor.” Id. at 4. 
 The opinion of a treating physician “must be given substantial or considerable 
weight unless ‘good cause’ is shown to the contrary.” Phillips v. Barnhart, 357 F.3d 1232, 
1240 (11th Cir. 2003) (citing Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)). 
Good cause exists to discount a treating physician’s opinion when: (1) the treating 
physician’s opinion was not bolstered by the evidence; (2) the evidence supported a 
contrary finding; or (3) the treating physician’s opinion was conclusory or inconsistent with 
the doctor’s own medical records. Id. When electing to disregard the opinion of a treating 
physician, the ALJ must clearly articulate the reason for doing so. Id. 
 Opinions on some issues, such as whether a claimant is disabled or unable to work 
“are not medical opinions . . . but are, instead, opinions on issues reserved to the 

Commissioner because they are administrative findings that are dispositive of a case; i.e., 
that would direct the determination or decision of disability.” 20 C.F.R. §§ 404.1527(d); 
416.927(d); Bell v. Bowen, 796 F.2d 1350, 1353-54 (11th Cir. 1986). Opinions on issues 
reserved to the Commissioner are not entitled to controlling weight or special significance. 
SSR 96-5p. However, “[s]uch opinions on these issues must not be disregarded” and the 

“decision must explain the consideration given to the treating source’s opinion(s).” 
Williams v. Comm’r of Soc. Sec., 2008 WL 591288, at *3 (S.D. Ga. Mar. 3, 2008). 
 Here, Plaintiff specifically points to the ALJ’s treatment of two treating physicians, 
Dr. Armand Schachter and Dr. Jade Hoy, D.O. (Doc. 12) at 24-25. Plaintiff asserts that 
the opinions should not have been afforded “little weight” and further argues that the “ALJ 

failed to sufficiently articulate her reasons for giving ‘little’ weight” to the opinions. (Doc. 
10) at 7. 
 In assessing Dr. Schachter’s opinion, the ALJ stated: 
 The claimant’s treating physician, Dr. Armand Schachter, completed 
 a medical source statement in June 2017 stating that the claimant is markedly 
 limited in interacting with others and understanding simple instructions. (Ex. 
 15F). The undersigned notes that Dr. Schachter inexplicably left parts of his 
 medical source statement blank. The record includes notes from claimant’s 
 visits with Dr. Schachter in 2016 and 2017 in which he assessed the claimant 
 with major depressive disorder and generalized anxiety disorder. (Ex. 4F, 
 13F). During these visits, the claimant denied psychosis, and suicidal or 
 homicidal ideations. Dr. Schachter indicated that the claimant had a neutral 
 mood with appropriate affect, his concentration and memory was intact, and 
 he had good insight and judgment. (Exs. 4F, 13F). On June 6, 2017, the 
 claimant reported that he felt his best in 6 years. (Ex. 13F, p. 1). Dr. 
 Schachter recommended that the claimant return in 3 months. Interestingly, 
 he noted that the claimed refused psychotherapy and relied on his medication 
 regiment which had not changed recently. (Ex. 13F, p. 6). Dr. Schachter’s 
 notes strongly suggest that the claimant is stable. The undersigned gives his 
 opinion little weight because his medical notes are inconsistent with the 
 medical source statement he provided. 

Tr. 25. 
 The undersigned finds that the ALJ’s decision to afford little weight to Dr. 
Schachter’s opinion regarding Plaintiff’s limitations is supported by substantial evidence 
in the record. Tr. 25. As set forth above, the ALJ noted that Dr. Schacter’s treatment notes 
show that Plaintiff, despite his diagnoses, presented with “a neutral mood with appropriate 
affect,” that “his concentration and memory [were] intact,” and that “he had good insight 
and judgment.” Tr. 25. Dr. Schachter also noted that during a June 2017 visit, Plaintiff 
“reported that he felt his best in six years.”4 Tr. 25. Further, Dr. Schachter noted that 
Plaintiff “refused psychotherapy and relied on his medication regiment” to address his 
conditions. Tr. 25. Dr. Schachter’s treatment notes contradict his opinion that Plaintiff is 
“markedly limited in interacting with others and understanding simple instructions.” Tr. 
25. Accordingly, the undersigned finds that the ALJ provided the requisite “good cause” 
to discount Dr. Schachter’s opinion as a treating physician. Phillips v. Barnhart 357 F.3d 

4 Notably, Dr. Schachter’s medical source statement was also completed in June 2017. 
1232, 1240 (11th Cir. 2003) (citing Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 
1997).5 
 The undersigned also finds that the ALJ’s decision to afford little weight to Dr. 
Hoy’s opinion that Plaintiff is “permanently disabled” is supported by substantial evidence 
in the record. First, Dr. Hoy’s opinion that Plaintiff is “permanently disabled” is outside 

the authority of a medical provider, and is an opinion reserved for the Commissioner.6 Bell 
v. Bowen, 796 F.2d 1350, 1353-54 (11th Cir. 1986). Further, when discounting Dr. Hoy’s 
medical opinion regarding Plaintiff’s functionality, the ALJ noted that Dr. Hoy’s opinion 
was inconsistent with his treatment records for Plaintiff and pointed to medical evidence 
in the record that indicates “normal findings.” Tr. 24. Specifically, the ALJ pointed to two 

visits with Dr. Hoy on May 9, 2016, and September 15, 2016, both of which indicated that 
Plaintiff was “happy/content,” had “normal activity level,” and reported “no fatigue.” Tr. 
429, 433. The same encounters indicated that Plaintiff reported “no depression, no anxiety, 

5 Additionally, the undersigned notes that Dr. Schachter left the portion of the medical source statement 
blank that asks what medical or clinical findings supported his assessment. Tr. 497. Plaintiff claims the 
lack of narrative is, in essence, irrelevant because of a long-standing relationship between Plaintiff and 
doctor, and consistent diagnoses that support his opinion. (Doc. 10) at 7. However, a doctor’s opinion must 
be supported by his record keeping, and in this instance Dr. Schachter’s medical records are either missing 
or inconsistent with his opinion that Plaintiff was markedly limited. 

6 Nonetheless, it is clear that the ALJ did not disregard Dr. Hoy’s opinion, which was reserved for 
the Commissioner. See Williams, 2008 WL 591288, at *3 (stating that opinions on issues reserved 
to the Commissioner are not entitled to controlling weight or special significance but that the ALJ 
must not disregard the opinion and must explain the consideration given to the opinion). As set 
forth more fully below, the ALJ explained the consideration given to Dr. Hoy’s opinion. 
and no insomnia.” Tr. 429, 433. During the May 2016 visit, Dr. Hoy noted that Plaintiff’s 
chief complaint was ankle swelling with “minor pain,” source unknown. Tr. 432. 
 The ALJ also pointed to a February 15, 2018, visit with Dr. Hoy, which noted that 
Plaintiff had “normal activity level” and “no fatigue.” Tr. 534. The same note also indicated 
that Plaintiff reported “no depression, no anxiety, and no insomnia.” Tr. 534. These 

treatment records sharply contrast with Dr. Hoy’s opinion that Plaintiff’s pain “is present 
to such an extent as to be distracting to adequate performance of daily activities or work, 
and drug side effects can be expected to be severe and limit [Plaintiff’s] ability to be 
effective in work situations due to distraction, inattention, drowsiness, etc.” Tr. 24. Because 
Dr. Hoy’s medical records are inconsistent with her opinion that Plaintiff is permanently 

disabled and with her opinion of the severity of Plaintiff’s limitations, the undersigned 
finds that the ALJ had good cause to discount Dr. Hoy’s opinion as a treating physician. 
Accordingly, the ALJ did not commit reversible error in affording Plaintiff’s treating 
physicians’ opinions little weight. 
VI. CONCLUSION 

 For the reasons set forth above, the undersigned concludes that the decision of the 
Commissioner is AFFIRMED. A separate judgment will issue. 
 Done this 1st day of October, 2020. 

 /s/ Stephen M. Doyle 
 UNITED STATES MAGISTRATE JUDGE