[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-13733

Non-Argument Calendar

_____

TIMOTHY RANDOLPH,

Plaintiff-Appellant,

*versus*

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cv-01822-CPT

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Timothy Randolph, through counsel, appeals the district court's order affirming the Social Security Administration's ("SSA") denial of his application for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). He argues that the administrative law judge ("ALJ") improperly substituted his own opinion for that of the state agency consultant, Dr. P.S. Krishnamurthy, when assigning no significant weight to Dr. Krishnamurthy's opinion that Randolph was limited to two hours of standing/walking in an eight-hour workday when determining Randolph's residual functional capacity ("RFC").

When an ALJ denies benefits and the Appeals Council denies review, we review the ALJ's decision as the Commissioner of the SSA's final decision. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). In a social security disability case, we review *de novo* whether the ALJ applied the correct legal standards and review whether substantial evidence supported the Commissioner's decision. *Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1313-14 (11th Cir. 2021). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (quotation marks and brackets omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate

to support a conclusion." *Winschel v. Comm'r of Soc. Sec. Admin.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation marks omitted). In reviewing for substantial evidence, we "may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Id.* (quotation marks and brackets omitted). Thus, so long as it is supported by substantial evidence, we must defer to the ALJ's decision, even if the evidence may preponderate against it. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004). A decision is not based on substantial evidence if it focuses on one aspect of the evidence while disregarding contrary evidence. *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986). But the ALJ need not refer to every piece of evidence in his decision, so long as a reviewing court can conclude that the ALJ considered the claimant's medical condition as a whole. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

The Social Security regulations outline a five-step process the ALJ must use to determine whether a claimant is disabled: (1) whether she is engaged in substantial gainful activity; (2) if not, whether she has a severe impairment or combination of impairments; (3) if so, whether that impairment, or combination of impairments, meets or equals the medical listings; (4) if not, whether she can perform her past relevant work in light of her RFC; and (5) if not, whether, based on her age, education, RFC, and work experience, she can perform other work found in the national economy. *Winschel*, 631 F.3d at 1178; 20 C.F.R. § 404.1520(a)(4). A person cannot be found disabled if they are engaged in substantial

gainful activity, regardless of the person's medical condition, age, education, and work experience.  20 C.F.R. § 404.1520(a)(4)(i), (b).

At the fourth step, if the claimant's impairment cannot meet or equal the criteria in one of the Listings, the ALJ considers the claimant's RFC and past relevant work to determine if he has an impairment that prevents him from performing his past relevant work.  *Id*. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If a claimant can perform his past relevant work, then he is not disabled. *Id*. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  An RFC is an assessment of the most a claimant can still do despite his limitations and is based on an evaluation of all the relevant evidence in the record. *See id*. §§ 416.920(e), 416.945(a)(1), (3).  A person with an RFC to perform "light work" can "lift[] no more than 20 pounds at a time [and] frequent[ly] lift[] or carry[] objects weighing up to 10 pounds," and such work may involve "a good deal of walking or standing, or . . . sitting with some pushing and pulling of arm or leg controls."  *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (quotation marks omitted) (citing 20 C.F.R. § 404.1567).  Social Security Ruling 83-10 elaborates on the definition of light work by providing that "[s]ince frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday.  Sitting may occur intermittently during the remaining time."  SSR 83-10.

As to the fifth prong, the Commissioner bears the burden of showing that, in light of the claimant's RFC and other factors, a

significant number of jobs that the claimant can perform exist in the national economy. *Winschel*, 631 F.3d at 1180; 20 C.F.R. § 404.1520(a)(4)(v). If such jobs exist, then the claimant is not disabled. See 20 C.F.R. § 404.1520(a)(4)(v). An ALJ may make this determination by posing hypothetical questions to a vocational expert. *See Winschel*, 631 F.3d at 1180.

For claims filed before March 27, 2017, the ALJ must give a treating physician's opinion "substantial or considerable weight unless there is good cause to discount [it]." *Simon v. Comm'r of Soc. Sec.*, 7 F.4th 1094, 1104 (11th Cir. 2021) (quotation marks omitted). A "treating source" is a physician or other medical source who has provided the claimant with medical treatment and has, or previously had, an ongoing treatment relationship with the claimant. 20 C.F.R. § 404.1527(a)(2). The weight to be given to a physician's opinion depends on several factors, including: (1) the length of treatment and frequency of evaluation; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinions; (4) its consistency with the record as a whole; (5) whether there is specialization in the medical area at issue; and (6) any other factors tending to support or contradict the opinion. *See id.* § 404.1527(c); *see also Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1260 (11th Cir. 2019). The ALJ may give less weight to any medical opinion when the opinion is conclusory or inconsistent with the doctor's medical records, it is inconsistent with the record, or the evidence supports a contrary finding. 20 C.F.R. § 404.1527(c); *Schink*, 935 F.3d at 1259. The ALJ must "state with

particularity the weight given to different medical opinions and the reasons therefor." *Winschel*, 631 F.3d at 1179.

An ALJ must consider the opinions of non-examining physicians, including state agency psychological consultants. *See* 20 C.F.R. § 404.1527(c), (e). State agency medical consultants are considered experts in social security disability evaluation, and the ALJ must consider and assign weight to their opinions in the same manner as other medical sources. *See id.* §§ 404.1527(e), 404.1513a(b). The weight to be given to a non-examining physician's opinion depends, among other things, on the extent to which it is consistent with other evidence. *See id.* § 404.1527(c)(4); *see also Crawford*, 363 F.3d at 1158. When reviewing the report of a consultative examiner, the ALJ considers whether the report provides evidence that serves as an adequate basis for decision-making, is internally consistent, and is consistent with other information available. 20 C.F.R. § 404.1519p(a)(1)-(3). The opinions of non-examining, reviewing physicians, when contrary to the opinions of the examining physicians, are entitled to little weight, and, standing alone, do not constitute substantial evidence. *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987) (determining that an ALJ improperly weighed medical opinions because its conclusion was based solely on the opinions of two non-examining physicians).

An ALJ may not substitute his own judgment for the diagnoses of a medical professional. *Freeman v. Schweiker*, 681 F.2d 727, 731 (11th Cir. 1982) (concluding that we were "convinced that the ALJ improperly substituted his judgment of the claimant's

condition for that of the medical and vocational experts"). An ALJ might impermissibly substitute his own judgment if he, for example, relies on the appearance of the claimant at the time of the hearing. *See id.*

Here, substantial evidence supports the ALJ's determination to assign no significant weight to the standing/walking limitation opinion of Dr. Krishnamurthy, the state agency consultant who only reviewed the record but did not treat Randolph. The ALJ stated that Dr. Krishnamurthy's opinion was due "relatively significant weight," because it was based on a full review of the record, which indicated some pain and decreased range of motion. Specifically, the record included some X-ray and MRI imaging that showed mild degenerative joint disease of Randolph's lower back in January 2016; degenerative changes of the sacroiliac joints, hip joints, pubic symphysis, and lumbar spondylosis, and narrowing of the L5-S1 disc space in April 2019; and a prescription for a rolling walker for degenerative disc disease in June 2021. The record contained Randolph's reports of back or hip pain and him walking with an antalgic gait or limp on multiple occasions. In February 2020, he also reported that his work owning a tree service company had become extremely difficult due to the injuries he sustained in the October 2019 accident.

But on the other hand, the January 2016 X-rays only showed mild degenerative joint disease in the lumbar spine and were otherwise unremarkable; a January 2016 hip X-ray was negative; and March 2017 imaging of the hip was negative. Further, medical observations confirmed that the conservative treatment of periodic

epidural steroid injections was effective, as one doctor reported, in October 2016, that Randolph was doing much better after receiving injections; in November 2018, he was walking with a normal gait and had normal motor strength and tone; and in December 2018, he was walking with a normal gait and had normal motor strength and tone; Randolph reported significant improvement with his back and hip pain in February 2020; in February 2020, his heel-toe gait was smooth and symmetrical without difficulty; he reported that the injections provided temporary relief in June 2020; and in June 2021, he deferred receiving any more injections. Further, the record included evidence that Randolph was able to continue in his daily life for much of the time period at issue, as he reported lifting a log in August 2018; reported that he was exercising daily, walking, and "frequently active running his Tree Company," in November 2018; reported walking daily in December 2018; reported that he had been "very active" in June 2020 and was having no significant problems up until the most recent injury; was riding an all-terrain-vehicle in July 2020 when he fractured his ankle; and reported that he had "been very active with work" in November 2020.

The ALJ considered all of the medical evidence in the record and determined that Randolph was limited to performing light work based on his back, joint pain, and decreased range of motion. The ALJ discussed the medical evidence in the record, noting imaging and medical findings of abnormalities and Randolph's reports of pain and difficulties. As the ALJ was instructed to do on remand by the Appeals Council, the ALJ then considered and discussed state agency medical consultant Dr. Krishnamurthy's review

of the record. *See* 20 C.F.R. § 404.1527(c), (e). The ALJ decided that Dr. Krishnamurthy's opinion that Randolph could perform light work was given relatively significant weight because there was evidence of pain and decreased range of motion in Randolph's back and joints. But the ALJ then determined that Dr. Krishnamurthy's limitation to only two hours of standing/walking was to be given no weight because observations of Randolph ambulating with a normal gait outweighed the few observations of him walking with an antalgic gait and because the fractured ankle seemed to be resolving itself.

Accordingly, because Dr. Krishnamurthy's standing/walking limitation was internally inconsistent with observations from examining physicians that Randolph was, on multiple occasions, walking without difficulty and participating in activities like lifting logs and riding all-terrain vehicles, good cause existed for the ALJ to give no weight to the limitation. *See Winschel*, 631 F.3d at 1179. Further, the record was full of observations from treating physicians indicating that Randolph was often demonstrating walking and standing ability that would fit into a light work categorization, which allows for six hours of standing/walking with intermittent breaks for sitting. *See Walker*, 826 F.2d at 1000; 20 C.F.R. § 404.1567; SSR 83-10. Accordingly, the ALJ did not substitute his own opinion for that of the state agency consultant but, rather, stated that he had carefully considered and weighed all of the evidence and highlighted a number of relevant medical records that he had considered, and substantial evidence from the record supported the ALJ's determinations that Randolph could perform light work and that

the two-hour standing limitation deserved no weight.  *See Freeman*, 681 F.2d at 731; *see Ybarra*, 658 F. App'x at 543.

**AFFIRMED.**